[Cite as *State v. Stone*, 2014-Ohio-2699.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-G-3154** |
| WARD F. STONE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Geauga County Court of Common Pleas, Case No. 12 C 000153.

Judgment: Affirmed.

*James R. Flaiz,* Geauga County Prosecutor, and *Craig A. Swenson,* Assistant Prosecutor, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Plaintiff-Appellee).

*Edward T. Brice,* Newman & Brice, L.P.A., 214 East Park Street, Chardon, OH 44024 (For Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1} Ward F. Stone appeals from the July 25, 2013 judgment entry of the Geauga County Court of Common Pleas, sentencing him to consecutive terms of imprisonment, totaling 17 years, on two counts of attempted rape and one of gross sexual imposition. The charges stemmed from conduct occurring over a period of time with his minor daughter, who was only eight when her father's conduct came to light. Essentially, Mr. Stone argues the record in this case does not support the findings

necessary for imposition of consecutive sentences under R.C. 2929.14(C). We disagree, and affirm.

{¶2} December 7, 2012, Mr. Stone was indicted on two counts of rape, first degree felonies in violation of R.C. 2907.02(A)(1)(b), and 24 counts of gross sexual imposition, third degree felonies in violation of R.C. 2907.05(A)(4). December 14, 2012, he appeared before the trial court for arraignment; waived reading of the indictment and any service irregularities; and pleaded not guilty to all charges. He was released on personal recognizance. Discovery practice ensued, and jury trial was set for May 21, 2013. Mr. Stone and the state negotiated an agreement, whereby he pleaded guilty to two counts of attempted rape, felonies of the first degree, in violation of R.C. 2923.02(A) and 2907.02(A)(1)(b), and one count of gross sexual imposition. The jury trial was changed to a plea hearing, and the trial court accepted the plea, nolled the remaining counts, and ordered a presentence investigation and report ("PSI report") be prepared.

{¶3} Sentencing hearing went forward July 18, 2013. Mr. Stone had submitted letters from his father-in-law, pastor, and friends in his support. His wife submitted a letter noting their daughter's behavior and performance in school had improved following her husband's departure from the marital residence following his indictment. There was a report from the Ravenwood facility, with which Mr. Stone voluntarily sought counseling regarding his sexual urges, evidently just before his indictment, with a suggested course of treatment, and indicating that he was at a low risk of reoffending. Mr. Stone's fine record as a member of the Army Reserve and National Guard, with deployments to Afghanistan and Kuwait was included. Also included with the PSI report

was a sexual behavior evaluation concluding that Mr. Stone was at an average or above average risk to reoffend.

{¶4} The trial court acknowledged on the record all of the favorable items contained in the PSI report regarding Mr. Stone. The trial court noted he had no prior criminal record. However, it found Mr. Stone's apparent remorse to be, rather, a fear of punishment for his wrongdoing. The trial court noted that Mr. Stone's daughter had asked him, in the name of God, to stop molesting her – a plea which sometimes fell on deaf ears. It found the father-daughter relationship facilitated the crimes. It noted the child's belief, set forth in the letter from her mother, that her father's conduct was normal, and inferred she had suffered severe psychological and emotional damage. Consequently, the trial court sentenced Mr. Stone to serve seven years imprisonment on each count of rape, and three years imprisonment on the gross sexual imposition count, all terms to be served consecutively. These sentences were embodied in a judgment entry filed July 25, 2013.

{¶5} Mr. Stone timely appealed, assigning a single error: "The Trial Court erred to the prejudice of defendant-appellant when it sentenced him to consecutive periods of incarceration for a total of 17 years[.]"

{¶6} Our standard of review is provided by R.C. 2953.08(G)(2), which provides, in pertinent part:

{¶7} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court

3

may take any action authorized by this division if it clearly and convincingly finds either of the following:

**{¶8}** "(a) That the record does not support the sentencing court's findings under * * * division * * * (C)(4) of section 2929.14, * * *;

**{¶9}** "(b) That the sentence is otherwise contrary to law."

**{¶10}** R.C. 2929.14(C)(4) mandates that trial courts, when imposing consecutive sentences on a felon, make certain findings on the record. It provides:

**{¶11}** "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

**{¶12}** "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

**{¶13}** "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

{¶14} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."

{¶15} In this case, the trial court made its findings at the sentencing hearing. It specifically found that consecutive sentences were necessary to protect the public from future crime, and to punish Mr. Stone. It specifically found that consecutive sentences were not disproportionate to the seriousness of Mr. Stone's conduct, and the danger he poses to the public. These are the findings required by the first paragraph of R.C. 2929.14(C)(4). The trial court also found that at least two of Mr. Stone's multiple offenses were committed as a part of one or more courses of conduct, and that the harm caused by two or more of the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflected the seriousness of Mr. Stone's conduct. These are the findings required by R.C. 2929.14(C)(4)(b).

{¶16} It is with these last findings, under R.C. 2929.14(C)(4)(b), that Mr. Stone takes issue. He calls to our attention all of his fine qualities set forth in the PSI report. But so did the trial court. At sentencing hearing, the learned trial judge stated from the bench: "Well, except for this, as [defense counsel] says, you have been a great person. But that doesn't wipe the slate clean by any means, not that you are asking that the slate be wiped clean. But these offenses were exceedingly serious."

{¶17} There can be no doubt these crimes were "committed as part of one or more courses of conduct," R.C. 2929.14(C)(4)(b). As the trial court found, this was not an isolated instance of child molestation, but numerous instances, committed over a

5

period of time. The kernel of Mr. Stone's argument is that his daughter did not suffer serious harm due to his conduct, and thus, that R.C. 2929.14(C)(4)(b) cannot apply. He relies heavily on the following statement from the bench: "And as far as the age of the victim and the possible impact [on] the victim, I think we can presume a serious psychological damage to a child, a daughter of this tender age, the mere fact that she may believe that this is normal, that, to me, permits an inference of, that's severe damage alone." Mr. Stone argues a presumption or inference is insufficient to support a finding of harm under R.C. 2929.14(C)(4)(b). In this regard, he cites to the letter submitted by his wife, concerning the improvement in the child's behavior and school performance since his exit from her life.

{¶18} We disagree with this construction of the trial court's finding. Again, in her letter, the mother stated her child believes it is normal for fathers to sexually assault their daughters. And we fully agree with the trial court's finding this indicates profoundly serious damage to this little girl's mind and heart. We further note this observation by the court in *State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, ¶16:

{¶19} "However, the revived consecutive sentencing statute codified in R.C. 2929.14(C)(4) does not place a heavy burden on a trial judge. Indeed, it is arguably easier to impose consecutive sentences today than it was under former R.C. 2929.14(E)(4) because the revived version did away with the requirement that the court justify its findings by giving reasons for making those findings. *See State v. Goins*, 8th Dist. No. 98256, 2013-Ohio-263; *State v. Blackburn*, 8th Dist. Nos. 97811 and 97812, 2012-Ohio-4590, ¶ 35."

6

{¶20} In this case, the trial court both made the required statutory findings, and gave its reasons for doing so, going beyond the requirements of the law.

{¶21} The assignment of error lacks merit.

{¶22} The judgment of the Geauga County Court of Common Pleas is affirmed.


TIMOTHY P. CANNON, P.J.,

THOMAS R. WRIGHT, J.,

concur.