[Cite as *State v. Fowler*, 2018-Ohio-3110.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2017-P-0046** |
| MICHAEL D. FOWLER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas.
Case No. 2016 CR 00826.

Judgment: Affirmed.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Erik E. Jones*, 137 South Main Street, Suite 102, Akron, OH 44308 (For Defendant-Appellant).

TIMOTHY P. CANNON, J.

{¶1} Appellant, Michael D. Fowler, appeals from the August 2, 2017 sentencing entry of the Portage County Court of Common Pleas. Appellant takes issue with the trial court's imposition of consecutive sentences. For the following reasons, the trial court's judgment is affirmed.

{¶2} On November 22, 2016, the Portage County Grand Jury indicted appellant on ten counts of Rape, first-degree felonies, in violation of R.C. 2907.02(A)(1)(b) and

(B) and R.C. 2971.03 (Counts 1-10); and eleven counts of Gross Sexual Imposition, third-degree felonies, in violation of R.C. 2907.05(A)(4) and (C)(2) (Counts 11-21). Counts 1 through 20 pertained to conduct that took place between June 7, 2014, and November 15, 2016, against one victim (DOB: 6-7-2004) ("Victim 1"). Count 21 involved conduct that took place between November 14, 2016, and November 15, 2016, against a second victim (DOB: 2-19-2004) ("Victim 2"). Both victims were under 13 years old. Appellant pled not guilty.

{¶3} On June 15, 2017, appellant entered a written plea of guilty to Counts 1 through 3 and Count 21. The remaining charges were dismissed. After accepting his guilty plea, the trial court found appellant guilty and ordered a presentence investigation report ("PSI").

{¶4} A sentencing hearing was held on July 31, 2017. The trial court heard three victim impact statements. Victim 1's father stated his family took appellant in and considered him a friend. He conveyed the family felt betrayed, and it would take a lifetime for them to heal. Victim 2 stated she trusted appellant, and her life was turned upside down after he abused her. Victim 2's mother stated she had known appellant for eight years, and her family opened their home to him when he needed a place to stay. During that time, appellant abused her daughter, even though he knew her daughter struggled with a past abuse. The prosecutor explained appellant abused both victims while he was staying with their families and made comments to them about being his girlfriend. Appellant's abuse of Victim 2 stopped only after she reported it to her mother; his abuse of Victim 1 was subsequently uncovered. Appellant also addressed the court during the sentencing hearing. The following exchange took place:

**Appellant:** I have nothing to say.  Drugs make you do stupid shit - - stupid things.  I'm sorry.  * * * I did a lot of pain pills and everything.  One day he says one day he's gonna do heroin and that's what I did.  That's one - -

**The court:** So you're blaming it all on drugs?

**Appellant:** No.  It - -

**The court:** You groomed this family - - these families.

**Appellant:** Yes, I did.

**The court:** You prepared them for this.

**Appellant:** I - - no.  I don't think I prepared them.  I just - - they said I was a nice guy, then I got into the drug scene and it just - - one time after that and thought after that what the hell, so up to you now, so - -

The trial court found appellant was a Tier III sex offender and notified him of his registration requirements.  Appellant was sentenced to a term of life imprisonment with parole eligibility after ten years on each count of Rape and a term of imprisonment of five years for Gross Sexual Imposition, all to be served consecutive to each other, or until such time as he is otherwise legally released.  Appellant was notified of mandatory post-release control for the charge of Gross Sexual Imposition.  He received 259 days of jail-time credit.  Regarding the consecutive sentences, the trial court stated:

> The Court finds that consecutive sentences are necessary to protect the public from future crimes, or to punish the Defendant.  These consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct and to the danger the Defendant poses to the public.

> At least two or more of the offenses were committed as part of one or more courses of conduct.  And the harm caused by the two or more of the multiple offenses committed was so great or unusual that no single prison term adequately reflects the seriousness of the conduct.

{¶5} On August 2, 2017, the trial court filed its sentencing entry. The trial court's entry states:

> The Court finds that the consecutive sentence is necessary to protect the public from future crime or to punish the Defendant and consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct and to the danger the defendant poses to the public. The Court also finds at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the Defendant's conduct.

{¶6} Appellant noticed a timely appeal. He asserts one assignment of error on appeal:

{¶7} "The trial court erred in imposing consecutive terms of incarceration for appellant's charges."

{¶8} We generally review felony sentences under the standard of review set forth in R.C. 2953.08(G)(2), which states:

> The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

4

{¶9} There is a statutory presumption in favor of concurrent sentences. *See* R.C. 2929.41(A). Pursuant to R.C. 2929.14(C)(4), a court may require an offender to serve multiple prison terms consecutively only if it finds

> that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶10} A trial court must make the statutory findings to support its decision to impose consecutive sentences, but the trial court is not required to engage in a "word-for-word" recitation of the statutory findings. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶29. The record reflects the trial court made findings under R.C. 2929.14(C)(4) and (C)(4)(b) at the sentencing hearing and in the judgment entry of sentence.

{¶11} Appellant argues his sentence is contrary to law because the trial court did not state its reasons for imposing consecutive sentences on the record. Appellant

maintains that "when the trial court does not sufficiently state reasons for consecutive sentences, the matter should be remanded to the trial court for clarification."

{¶12} In *Bonnell*, however, the Ohio Supreme Court held that "a trial court is not required by Crim.R. 32(A)(4) to give reasons supporting its decision to impose consecutive sentences" because "no statute directs a sentencing court to give or state reasons supporting imposition of consecutive sentences." *Bonnell*, *supra*, at ¶27. Consecutive sentences should be upheld if the trial court engaged in the correct analysis and the record supports its findings. *Id.* at ¶29. Appellant's argument is not well taken.

{¶13} The trial court's findings are supported by the record. Appellant's crimes were committed against minor children; Victim 1 was 10 years old at the time appellant began abusing her, and Victim 2 was 12 years old when appellant abused her. At appellant's sentencing hearing, the trial court heard from three victims and the prosecutor, all who indicated appellant took advantage of people who trusted him and allowed him to stay in their homes. Appellant's comments at the sentencing hearing and in the PSI indicate he did not take responsibility for his actions or show genuine remorse. We do not clearly and convincingly find that the record fails to support the trial court's findings.

{¶14} Appellant next argues the trial court's imposition of consecutive sentences was contrary to law because the findings and the reasons supporting those findings were not found by a jury, and appellant did not make any factual admissions.

{¶15} In support of his argument appellant relies on *Apprendi v. New Jersey*, in which the United States Supreme Court held that "[o]ther than the fact of a prior

6

conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490 (2000). Subsequently, however, in *Oregon v. Ice*, the United States Supreme Court declined to extend its holding in *Apprendi* to state sentencing statutes that require judicial factfinding before imposing consecutive sentences. 555 U.S. 160, 171-172 (2009). Further, in interpreting R.C. 2929.14(C)(4) after the enactment of Am.Sub.H.B. No. 86, the Ohio Supreme Court in *Bonnell* held that R.C. 2929.41(A) and R.C. 2929.14(C)(4) require judicial factfinding to "overcome the statutory presumption in favor of concurrent sentences." *Bonnell*, *supra*, at ¶23. Additionally, appellant's conviction is based on his guilty plea, which is a "complete admission of factual guilt" and "[constitutes] an admission of the truth of the facts alleged in the indictment[.]" *State v. Osborne*, 11th Dist. Ashtabula No. 97-A-0002, 1997 WL 817837, *3 (Dec. 31, 1997), citing Crim.R. 11(B)(1) and *State v. Wilson*, 58 Ohio St.2d 52 (1979), paragraph one of the syllabus. Appellant's argument is not well taken.

{¶16} Appellant's sole assignment of error is without merit.

{¶17} For the foregoing reasons, the judgment of the Portage County Court of Common Pleas is affirmed.


DIANE V. GRENDELL, J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in judgment only.

7