[Cite as *State v. Wasilewski*, 2020-Ohio-5141.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2020-P-0025** |
| DONALD T. WASILEWSKI, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2019 CR 00294.

Judgment: Affirmed.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder,* Assistant Prosecutor, 241 South Chestnut Street, Ravenna, Ohio 44266 (For Plaintiff-Appellee).

*Wesley C. Buchanan*, Buchanan Law, Inc., 50 South Main Street, Suite 625, Akron, Ohio 44308 (For Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1}   Appellant, Donald T. Wasilewski ("Mr. Wasilewski"), appeals from the judgment of the Portage County Court of Common Pleas sentencing him to consecutive prison terms of eight years for attempted rape and 36 months for gross sexual imposition following his guilty pleas.  The alleged victim in this case is Mr. Wasilewski's 11-year-old autistic stepson.

{¶2}   Mr. Wasilewski argues that (1) his guilty pleas were not knowingly, intelligently, or voluntarily made because the trial court did not follow the requirements for

accepting a guilty plea pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), commonly known as an "*Alford* plea"; and (2) the record does not support the trial court's statutory findings under R.C. 2929.14(C)(4)(b) for imposing consecutive prison terms.

{¶3} After a careful review of the record and pertinent law, we find as follows:

{¶4} (1) The record demonstrates that Mr. Wasilewski did not proclaim innocence at the plea hearing or move to withdraw his guilty pleas at any time. Therefore, the trial court was not required to satisfy the requirements applicable to an *Alford* plea.

{¶5} (2) Mr. Wasilewski has failed to demonstrate by clear and convincing evidence that the record does not support the trial court's findings under R.C. 2929.14(C)(4)(b), i.e., that at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses was so great or unusual that no single prison term adequately reflects the seriousness of the offender's conduct.

{¶6} Thus, we affirm the judgment of the Portage County Court of Common Pleas.

**Substantive and Procedural History**

{¶7} In March 2018, the Portage County Sheriff's Office responded to a report from a social worker at Portage County Job & Family Services ("PCJFS") of a child being sexually abused at home. According to the victim, an 11-year-old autistic boy, Mr. Wasilewski, his stepfather, forced him to engage in sexual activity that included fellatio and anal intercourse.

{¶8} Following the sheriff office's investigation, the Portage County Grand Jury indicted Mr. Wasilewski on one count of rape, a felony of the first degree, in violation of R.C. 2907.02(A)(1)(b) and (B) and R.C. 2971.02(B)(1) (count 1), one count of gross

sexual imposition, a felony of the third degree, in violation of R.C. 2907.05(A)(4)(C)(2) [sic] (count 2), and one count of sexual battery, a felony of the second degree, in violation of R.C. 2907.03(A)(5) and (B) (count 3). Mr. Wasilewski initially pleaded not guilty to the charges.

{¶9} Mr. Wasilewski subsequently withdrew his former pleas of not guilty and entered oral and written pleas of guilty to attempted rape, a felony of the second degree, in violation of R.C. 2923.02 and 2907.02 (amended count 1), and gross sexual imposition, a felony of the third degree, in violation of R.C. 2907.05 (count 2). He also agreed to be labeled a Tier III Sex Offender.

{¶10} At a plea hearing, the trial court engaged in a colloquy with Mr. Wasilewski pursuant to Crim.R. 11. The transcript indicates Mr. Wasilewski waived each of his constitutional rights and entered pleas of guilty without further comment.

{¶11} Following the colloquy, the trial court accepted Mr. Wasilewski's pleas of guilty, found him guilty, and dismissed count 3. The trial court ordered a presentence investigation and a sexual offender evaluation.

{¶12} At the sentencing hearing, the transcript indicates the trial court and Mr. Wasilewski had the following exchange prior to the trial court's pronouncement of sentence:

{¶13} "[THE TRIAL COURT]: What you did to this child was horrific. How could you do that? A child that by all accounts loved you more than anyone else. How could you do this to him? I just want to know. I just want to know.

{¶14} "[MR. WASILEWSKI]: I did not do this. This was – I took the plea so I wouldn't have to spend the rest of my life in jail for something I didn't do."

3

{¶15} The trial court sentenced Mr. Wasilewski to consecutive prison terms of eight years for attempted rape (amended count 1) and 36 months for gross sexual imposition (count 3), a $500 fine, and court costs. The trial court subsequently issued an order and journal entry memorializing Mr. Wasilewski's guilty pleas and sentence.

{¶16} The trial court made statutory findings regarding consecutive prison terms pursuant to R.C. 2929.14(C)(4) and (C)(4)(b) at the sentencing hearing and in its entry. The trial court also specifically noted that the victim is a "child victim" who is "disabled" and "autistic."

{¶17} Mr. Wasilewski appealed and presents the following two assignments of error for our review:

{¶18} "[1.] Donald's plea was not knowing[ly], intelligently, or voluntarily made.

{¶19} "[2.] Donald was sentenced contrary to law."

### Alford Plea

{¶20} In his first assignment of error, Mr. Wasilewski contends that his guilty pleas were not knowingly, intelligently, or voluntarily made because the trial court did not comply with the requirements for an Alford plea.

### Standard of Review

{¶21} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." (Citations omitted.) State v. Engle, 74 Ohio St.3d 525, 527 (1996). "In considering whether a guilty plea was entered knowingly, intelligently and voluntarily, an appellate court examines the totality of the circumstances through a de novo review of the record to ensure that the trial court complied with constitutional and procedural

4

safeguards." *State v. Siler*, 11th Dist. Ashtabula No. 2010-A-0025, 2011-Ohio-2326, ¶12, quoting *State v. Eckler*, 4th Dist. Adams No. 09CA878, 2009-Ohio-7064, ¶48.

**Alford *Plea Requirements***

{¶22} "The plea of guilty is a complete admission of the defendant's guilt." Crim.R. 11(B)(1). The Supreme Court of Ohio has held that "a defendant who has entered a guilty plea without asserting actual innocence is presumed to understand that he has completely admitted his guilt." *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, ¶19.

{¶23} By contrast, "[a] plea entered pursuant to *Alford* is a plea that permits a defendant to plead legal guilt, yet maintain his or her factual innocence." *State v. Bilicic*, 11th Dist. Ashtabula No. 2017-A-0066, 2018-Ohio-5377, ¶7. Before accepting an *Alford* plea, "[t]he trial judge must ascertain that notwithstanding the defendant's protestations of innocence, he has made a rational calculation that it is in his best interest to accept the plea bargain offered by the prosecutor." *Id.*, quoting *State v. Padgett*, 67 Ohio App.3d 332, 338 (2d Dist.1990).

*Analysis*

{¶24} Mr. Wasilewski contends that by expressing his innocence at the sentencing hearing, he placed the trial court on notice that he was entering an *Alford* plea. Therefore, he asserts that the trial court was required to follow the requirements regarding such a plea. Mr. Wasilewski's argument lacks merit.

{¶25} As this has recognized, "[a]n *Alford* plea occurs when a defendant enters a plea of guilty with a *contemporaneous* protestation of innocence." (Emphasis added.) *State v. Hickman*, 11th Dist. Portage No. 98-P-0024, 1999 WL 417984, *5 (June 18, 1999). "In order for there to be an *Alford* plea," a defendant "must have claimed his

5

innocence *at the original plea hearing.*" (Emphasis added.) *Id.*; *See State v. Sterling*, 11th Dist. Ashtabula No. 2002-A-0026, 2004-Ohio-526, ¶27.

{¶26} Here, the record reflects that trial court fully complied with Crim.R. 11 prior to accepting Mr. Wasilewski's guilty pleas. The trial court held a hearing and engaged in colloquy regarding Mr. Wasilewski's understanding of the nature of the charges, the potential penalties, the consequences of the plea agreement, and his constitutional rights. Mr. Wasilewski stated that he understood the court's explanations and advisements and expressly waived his constitutional rights. He entered guilty pleas to two counts, and the court found that Mr. Wasilewski made a knowing, intelligent, and voluntary decision to plead guilty. The record is devoid of any protestations of innocence by Mr. Wasilewski during the plea hearing.

{¶27} Further, courts have held that "[w]hen a defendant makes a claim of innocence after a guilty plea has been accepted, a trial court has no duty to inquire into a defendant's reasons for pleading guilty." *State v. Reeves*, 8th Dist. Cuyahoga No. 100560, 2014-Ohio-3497, ¶13; *State v. Damron*, 2d Dist. Champaign No. 2014-CA-15, 2015-Ohio-2057, ¶10; *see State v. Darks,* 10th Dist. Franklin No. 05-AP-982, et al., 2006-Ohio-3144, ¶18; *State v. Gales*, 131 Ohio App.3d 56, 60 (7th Dist.1999). Instead, the proper way to raise the issue is to move to withdraw the plea. *Damron* at ¶10. However, a trial court is not required to inform a defendant about the existence of Crim.R. 32.1, which allows the filing of a motion to withdraw a plea. *Darks* at ¶18; *Gales* at 60.

{¶28} Here, Mr. Wasilewski made a claim of innocence at the sentencing hearing prior to the trial court's pronouncement of his sentences. Notably, he never moved to withdraw his guilty pleas at any time.

{¶29} Accordingly, the trial court was not required to satisfy the requirements for an *Alford* plea.

{¶30} Mr. Wasilewski's first assignment of error is without merit.

## Consecutive Prison Terms

{¶31} In his second assignment of error, Mr. Wasilewski challenges the trial court's imposition of consecutive prison terms. Specifically, Mr. Wasilewski contends that the trial court's statutory findings under R.C. 2929.14(C)(4)(b) are not supported by the record.

### *Standard of Review*

{¶32} The standard of review for the imposition of consecutive prison terms is governed by R.C. 2953.08(G)(2). *See State v. Gwynne*, 158 Ohio St.3d 279, 2019-Ohio-4761, ¶16. That provision states as follows:

{¶33} "The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

{¶34} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard of review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

{¶35} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

{¶36} "(b) That the sentence is otherwise contrary to law." R.C. 2953.08(G)(2)(a)-(b).

{¶37} Clear and convincing evidence is that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶38} This court has recognized that the "clear and convincing standard" is "highly "deferential, as it "is written in the negative. It does not say that the trial judge must have clear and convincing evidence to support its findings. Instead, it is the court of appeals that must clearly and convincingly find that the record does not support the court's findings." *State v. Taeusch*, 11th Dist. Lake No. 2016-L-047, 2017-Ohio-1105, ¶13, quoting *State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, ¶21.

### *Statutory Findings*

{¶39} There is a statutory presumption in favor of concurrent sentences. *State v. Fowler*, 11th Dist. Portage No. 2017-P-0046, 2018-Ohio-3110, ¶9. R.C. 2929.41(A) provides, in pertinent part that "[e]xcept as provided in * * * division (C) of section 2929.14, * * * a prison term, * * * or sentence of imprisonment shall be served concurrently with any other prison term, * * * or sentence of imprisonment imposed by a court of this state * * *."

{¶40} A trial court may order multiple prison terms for convictions of multiple offenses to be served consecutively if the court finds that "consecutive service is necessary to protect the public from future crime or to punish the offender and that

8

consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public * * *." R.C. 2929.14(C)(4).

{¶41} The trial court must also find that one of the following statutory factors applies:

{¶42} "(a) The offender committed one or more of the multiples offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

{¶43} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

{¶44} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." R.C. 2929.14(C)(4)(a)-(c).

{¶45} "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry * * *." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶37. Otherwise, the imposition of consecutive sentences is contrary to law. *See id.*

{¶46} Further, "the record must contain a basis upon which a reviewing court can determine that the trial court made the findings required by R.C. 2929.14(C)(4) before it imposed consecutive sentences." *Bonnell* at ¶28. "[A]s long as the reviewing court can

discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶29.

### Multiple Offenses; Course of Conduct

{¶47} In this case, the trial court made statutory findings pursuant to R.C. 2929.12(C)(4) and (C)(4)(b).

{¶48} Mr. Wasilewski first contends that the trial court's statutory findings under R.C. 2929.14(C)(4)(b) are not supported by the record because the allegations against him involved "one incident."

{¶49} The statute does not require a finding of "multiple incidents" but that "at least two of the *multiple offenses* were committed as part of *one or more courses of conduct.*" (Emphasis added.)

{¶50} Although this matter involved only one sexual encounter, Mr. Wasilewski pleaded guilty to two separate offenses – attempted rape and gross sexual imposition. He did not argue, nor did the trial court determine, that these offenses merged for purposes of sentencing pursuant to R.C. 2941.25(A), which "prohibits multiple punishments for the same offense" and "provides that there may be only one conviction for allied offenses of similar import." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶23, 26. Therefore, the record demonstrates that there were "multiple offenses" for purposes of R.C. 2929.14(C)(4)(b).

{¶51} In addition, the Supreme Court has held in another setting that "in order to find that two offenses constitute a single course of conduct," the trial court "must * * * discern some connection, common scheme, or some pattern or psychological thread that ties [the offenses] together." (Citation omitted.) *State v. Sapp*, 105 Ohio St.3d 104, 2004-

10

Ohio-7008, syllabus. It may be established by a "factual link," including "time, location, murder weapon, or cause of death" or "similar motivation." *Id.* at ¶52.

{¶52} Here, the two offenses for which Mr. Wasilewski pleaded guilty consisted of two distinct acts against the same victim which could not have occurred simultaneously. *See State v. Wati*, 12th Dist. Butler No. CA2019-02-033, 2019-Ohio-4827, ¶11. Therefore, the record also demonstrates that there were "one or more courses of conduct" for purposes of R.C. 2929.14(C)(4)(b).

### *Great or Unusual Harm*

{¶53} Mr. Wasilewski next argues that the trial court's statutory findings under R.C. 2929.14(C)(4)(b) are not supported by the record because "while the harm was great, it was not so great or unusual to require consecutive sentences."

{¶54} In support, he cites the prosecutor's statements at the sentencing hearing indicating that during a Children's Advocacy Center interview, the victim had drawn a picture for Mr. Wasilewski and said he could not wait to give it to him.

{¶55} We recognize that since Mr. Wasilewski pleaded guilty, the record contains limited information about the facts of the case. Further, given the victim's age and his autism, it is questionable whether he was able to describe the effects that Mr. Wasilewski's actions had upon him. *See State v. Peddicord*, 3d Dist. Henry No. 7-13-12, 2014-Ohio-2849, ¶14.

{¶56} Nonetheless, the presentence investigation report indicates that the victim lived with his mother and Mr. Wasilewski, who is his stepfather. According to the victim, Mr. Wasilewski forced him to engage in fellatio and anal intercourse despite his protestations and physical pain. The report further indicates that the victim's mother did not believe the allegations. During the investigation, since she and Mr. Wasilewski did

11

not have family or friends in the area and could not afford for Mr. Wasilewski to move out, the victim was placed in the temporary custody of PCJFS and then in a foster home. According to the prosecutor at the sentencing hearing, the victim's biological father, who resides in another state, eventually took custody of him.

{¶57} Given these facts in the record, we cannot clearly and convincingly conclude that the record does not contain evidence supporting the trial court's findings. The trial court was clearly in the better position to ascertain the effect of Mr. Wasilewski's offenses on the victim. *See State v. Jones*, 93 Ohio St.3d 391, 400 (2001).

{¶58} Mr. Wasilewski's second assignment of error is without merit.

{¶59} For the foregoing reasons, the judgment of the Portage County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.