[Cite as *State v. Homa*, 2021-Ohio-3974.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2021-L-038 |
| Plaintiff-Appellee, | |
| - v - | Criminal Appeal from the Court of Common Pleas |
| JOSEPH M. HOMA, | Trial Court No. 2020 CR 000289 |
| Defendant-Appellant. | |

## O P I N I O N

Decided: November 8, 2021
Judgment: Affirmed

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Edward F. Borkowski, Jr.*, P.O. Box 609151, Cleveland, OH 44109 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1}    Appellant, Joseph M. Homa, appeals his sentence after pleading guilty to two charges. We affirm.

{¶2}    Homa was indicted on the following eight felony counts stemming from allegations that he engaged in sexual conduct and contact with his twelve-year-old cousin: six counts of rape in violation of R.C. 2907.02(A)(1)(b), attempted rape in violation of R.C. 2923.02 and 2907.02(A)(1)(b), and gross sexual imposition in violation of R.C. 2907.05(A)(4).

{¶3} Thereafter, Homa pleaded guilty to attempted rape, as contained in count three of the indictment, and one count of rape, as contained in count five of the indictment. As set forth at the change of plea hearing, count three pertained to Homa's attempted rape of the victim, on or between March 14 and 15, 2020, by placing his hands, mouth, and fingers on the victim's vaginal area. Count five pertained to Homa engaging in vaginal intercourse with the victim, on or between March 21 and 22, 2020. The trial court stated, and both the state and defense counsel agreed, that these offenses occurred one week apart, and no merger of the offenses was possible. The trial court ordered a presentence investigation and report, victim impact statement, and comprehensive psychological evaluation and set the matter for sentencing.

{¶4} At sentencing, the court sentenced Homa to consecutive terms of imprisonment of 8 to 12 years on count three and 10 years to life on count five and entered a nolle prosequi on the remaining counts.

{¶5} Homa challenges his sentence in his three assigned errors:

{¶6} "[1.] The trial court failed to make the required findings before imposing consecutive sentences[.]

{¶7} "[2.] The record does not support the trial court's consecutive sentence findings[.]

{¶8} "[3.] Appellant's sentence is contrary to law because the trial court failed to properly consider and weigh the relevant statutory factors, and because the record does not clearly and convincingly support the sentence imposed[.]"

{¶9} R.C. 2953.08(G)(2) provides our standard of review for felony sentences:

> The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings

2

underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶10} "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *State v. Wasilewski*, 11th Dist. Portage No. 2020-P-0025, 2020-Ohio-5141, ¶ 37, quoting *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

This court has recognized that the "clear and convincing standard" is "highly" deferential, as it "is written in the negative. It does not say that the trial judge must have clear and convincing evidence to support its findings. Instead, it is the court of appeals that must clearly and convincingly find that the record does not support the court's findings."

*Wasilewski* at ¶ 38, quoting *State v. Taeusch*, 11th Dist. Lake No. 2016-L-047, 2017-Ohio-1105, ¶ 13, quoting *State v. Venes*, 2013-Ohio-1891,992 N.E.2d 453, ¶ 21 (8th Dist.).

3

Case No. 2021-L-038

{¶11} To facilitate our discussion, we first address Homa's third assigned error, wherein he argues that, although the sentences are within the relevant statutory ranges, the court did not properly consider and weigh the purposes and principles of felony sentencing contained in R.C. 2929.11 and 2929.12.

{¶12} "R.C. 2929.11 and R.C. 2929.12 apply as a general judicial guide for every sentencing." *State v. Watson*, 11th Dist. Ashtabula No. 2020-A-0038, 2021-Ohio-2549, ¶ 22, citing *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 36. R.C. 2929.11(A) provides that the trial court "shall be guided by the overriding purposes of felony sentencing," which are "[1] to protect the public from future crime by the offender and others, [2] to punish the offender, and [3] to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." *Watson* at ¶ 23. "To 'achieve those purposes,' the court 'shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.'" *Watson* at ¶ 24, quoting R.C. 2929.11(A).

{¶13} "R.C. 2929.12(A) grants the sentencing judge discretion '"to determine the most effective way to comply with the purposes and principles of sentencing."'" *Watson* at ¶ 25, quoting *Foster* at ¶ 37, quoting R.C. 2929.12(A). "In exercising that discretion, the court shall consider, along with any other '"relevant"' factors, the seriousness factors set forth in divisions (B) and (C) and the recidivism factors in divisions (D) and (E) of R.C. 2929.12." *Watson* at ¶ 25, quoting *Foster* at ¶ 37, quoting R.C. 2929.12(A).

{¶14} However, with respect to our review of a felony sentence,

4

[t]he Supreme Court of Ohio recently clarified in *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, that contrary to the "dicta" in *Marcum*, R.C. 2953[].08(G)(2)(a) does not provide a basis for an appellate court to modify or vacate a sentence based on the lack of support in the record for the trial court's findings under R.C. 2929.11 and 2929.12. *Id.* at ¶ 29; *see Marcum* at ¶ 23. * * * "Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Jones* at ¶ 42. Moreover, the *Jones* majority clarified that the term "otherwise contrary to law" under R.C. 2953.08(G)(2)(b) does not encompass an appellate court's conclusion that a sentence is not supported by the record under R.C. 2929.11 and R.C. 2929.12. *Id.* at ¶ 32.

*Watson* at ¶ 20; *see also State v. Chase*, 11th Dist. Lake Nos. 2020-L-070 & 2020-L-071, 2021-Ohio-1006, ¶ 10; *see also State v. Burton*, 11th Dist. Lake No. 2020-L-112, 2021-Ohio-1364, ¶ 9-12.

{¶15} Here, at sentencing and in its sentencing entry, the trial court stated that it had considered the overriding purposes of felony sentencing pursuant to R.C. 2929.11 and the seriousness and recidivism factors of R.C. 2929.12. At sentencing, the trial court expounded:

There are factors that make the offenses more serious. The injury was exacerbated by the age difference between the victim and the offender, being sixteen years. In fact, the offender was well over double the victim's age. The victim suffered serious psychological harm. The relationship with the victim facilitated the offense. Not only was [the victim] victimized, but her entire immediate family was victimized here. And the Defendant drove a wedge between family members on each side because he is related, and thrust the family into total turmoil. There are no factors that make the offenses less serious. In terms of recidivism there is a factor that makes recidivism more likely. The Defendant is a pedophile. And I don't think psychological science, psychiatric science has discovered a cure for pedoph[i]lia. In terms of making recidivism less likely. The Defendant has no

5

prior delinquency adjudications and has led a law-abiding life for a significant number of years, and his risk to re-offend according to the Ohio Risk Assessment System is in the low to moderate range. When it comes to genuine remorse, I'm sort of splitting that factor, because I cannot tell whether the remorse that the Defendant does show is related to remorse at how badly he has victimized the [victim's] family and especially [the victim], or cause [sic] he was caught.

{¶16} Although Homa argues that the record does not support the sentence under R.C. 2929.11 and 2929.12, and that the factors should have been weighed differently, *Jones* precludes this court from modifying or vacating a sentence on these bases. Accordingly, Homa's third assigned error lacks merit.

{¶17} With respect to Homa's first two assigned errors, which challenge consecutive service of the sentences, there is a statutory presumption that multiple prison terms are to be served concurrently. R.C. 2929.41(A). However, R.C. 2929.14(C)(4) provides:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the

6

offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶18} "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.

{¶19} Here, the sentencing entry provides:

Pursuant to R.C. 2929.14(C)(4) and R.C. 2929.19(B)(2)(b), the Court finds for the reasons stated on the record that consecutive sentences are necessary to protect the public from future crime or to punish the Defendant and are not disproportionate to the Defendant's conduct and the danger the Defendant poses to the public, and that at least two of the multiple offenses were committed as part of one or more courses of conduct; and the harm caused by two or more of the multiple offenses committed by the Defendant was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the Defendant's conduct.

{¶20} On the record at sentencing, the trial court found that consecutive service of the sentences was "necessary to protect the public and punish the offender. Such would not be disproportionate to his conduct and the danger he poses, and that the harm here is so great or unusual that a single term could not adequately reflect the seriousness of his conduct." The court further determined that "the offender committed a worst form of this offense, and he poses the greatest likelihood of recidivism given his pedophilic disorder."

Case No. 2021-L-038

{¶21} After the court made these findings, defense counsel requested the court to clarify two findings it had made to support the sentence, the first being that "this this was the worst form of the offense." At that point, the court stated that it was "[a] worst form," "[t]here are many worst forms," and "[t]here can't be just one." Secondly, defense counsel requested the court to articulate the factual predicates for consecutive sentences because counsel did not "see anything in the record that would make this any different than any offense that [counsel had] seen in [his] career with a[n] underage victim and an individual that has sexual conduct with that person." Defense counsel then stated that the offenses

> occur[ed] over a two[-]week period, and [the court] indicate[s] that there's great psychological harm. There's been all this harm to the family. We have heard a recitation that I don't feel comfortable in my home, I'm scared, I don't feel safe. I do not see that there is a scintilla of evidence on that record that supports a finding of psychological harm. So I would ask that you make that finding so that we have something clear for the court of appeals.

{¶22} The court then explained that it had "based [its] finding on all of the victim impact statements and the pre-sentence report and the comprehensive psychological evaluation."

{¶23} In Homa's first assignment, he maintains that the trial court erred by failing to find at sentencing that "[a]t least two of the multiple offenses were committed as part of one or more courses of conduct."

{¶24} Although the trial court must make its consecutive sentence findings both at sentencing and in the sentencing entry, "[t]he trial court is not required 'to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry.'" *State v. Davis*, 11th Dist. Lake No. 2019-L-170, 2021-Ohio-237, ¶ 213, *appeal not allowed*, 163

8

Ohio St.3d 1429, 2021-Ohio-1721, 168 N.E.3d 525, quoting *Bonnell*, 2014-Ohio-3177, at ¶ 37.

{¶25} The record here, particularly the indictment, plea hearing transcript, and sentencing transcript, support that there were "multiple offenses" for purposes of R.C. 2929.14(C)(4)(b). *See Wasilewski*, 2020-Ohio-5141, at ¶ 50 (where guilty pleas were entered to more than one offense not subject to merger, sentencing involved "multiple offenses" subject to R.C. 2929.14(C)(4)(b)). Moreover, the record demonstrates the offenses occurred on consecutive weekends, and the offenses were similar in nature and committed against the same victim. *See Wasilewski* at ¶ 52 (two offenses against same victim may constitute a "course of conduct" where there is some connection between the offenses); *see also State v. Stone*, 11th Dist. Geauga No. 2013-G-3154, 2014-Ohio-2699, ¶ 17 (holding that "[t]here can be no doubt these crimes were 'committed as part of one or more courses of conduct'" where there was not "an isolated instance of child molestation, but numerous instances, committed over a period of time"). Because the record supports that the trial court engaged in the appropriate analysis under R.C. 2929.14(C)(4)(b), its failure to specifically recite at sentencing that "[a]t least two of the multiple offenses were committed as part of one or more courses of conduct" is not reversible error. Accordingly, Homa's first assigned error lacks merit.

{¶26} With respect to Homa's second assigned error, he maintains that the record does not support consecutive service because Homa, who is now 30 years old, was not awaiting trial or under judicial supervision or sanction at the time of his offenses, had only one prior conviction for theft in 2011, repeatedly accepted responsibility and expressed remorse for the present offenses, and was found to be in the "average risk category" of

9

recidivism pursuant to the psychological evaluation. Further, Homa argues that the trial court erred in finding this was the "worst" form of the offense.

{¶27} With respect to the first paragraph of R.C. 2929.14(C)(4), the court found both that consecutive service was needed to punish Homa and to protect the public. Further it found that the consecutive sentences were not disproportionate to Homa's conduct and the danger he poses to the public. As set forth above, the trial court considered this "a" worst form of the offense and specifically stated that it had considered the victim impact statements, the pre-sentence report, and the psychological evaluation. The record demonstrates that Homa was over double the victim's age and a member of her family, and this relationship facilitated the offense, as the victim's parents regularly permitted Homa to stay at their home overnight. Although Homa has a limited criminal record, the Ohio Risk Assessment System assessed his likelihood to reoffend as "medium." Further, pursuant to the psychological evaluation, Homa suffers from pedophilic disorder.

{¶28} With respect to the harm caused to the victim pursuant to R.C. 2929.14(C)(4)(b), although this may be "difficult to quantify," the victim and her family suffered significantly as a result of Homa's actions, which occurred in the victim's home, and caused a divide in their family. *See State v. Cornelison*, 11th Dist. Lake No. 2013-L-064, 2016-Ohio-8419, ¶ 36 ("although the harm caused by appellant's actions is difficult to quantify, the victim impact statements indicate the anxieties suffered by several of the victims was significant; to wit, one victim quit her job and had nightmares and one business had to double its staff due to fears the robbery triggered in its employees"). Although written victim impact statements were not transmitted with the record on appeal,

10

at sentencing, the victim and her family provided oral statements. The victim stated that, after the rape, she did not know how to live anymore, and she suffered from confusion, guilt, panic attacks, anxiety, depression and suicidal thoughts. She cried herself to sleep many nights and had wanted to hurt herself. She recalled the rape every time she passed the living room in her house, where the offenses occurred. The victim's parents stated that the crimes had made the victim feel unsafe in her own home and had driven a wedge through the family.

{¶29} After review of the record, we cannot clearly and convincingly conclude that it does not contain evidence supporting the trial court's consecutive sentence findings. Accordingly, Homa's third assigned error lacks merit.

{¶30} The judgment is affirmed.


CYNTHIA WESTCOTT RICE, J.,

JOHN J. EKLUND, J.,

concur.