[Cite as *State v. Servantes*, 2023-Ohio-2029.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NOS. 2022-P-0031<br>2022-P-0032<br>2022-P-0033 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeals from the<br>Court of Common Pleas |
| CONNOR A. SERVANTES, | |
| Defendant-Appellant. | Trial Court Nos. 2021 CR 00469<br>2022 CR 00172<br>2021 CR 00743 |

**O P I N I O N**

Decided: June 20, 2023
Judgment: Affirmed in part; reversed and vacated in part; and remanded

*Victor V. Vigluicci*, Portage County Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Richard E. Hackerd*, 55 Public Square, Suite 2100, Cleveland, OH 44113 (For Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1} Appellant, Connor A. Servantes ("Mr. Servantes"), appeals from the judgment of the Portage County Court of Common Pleas that sentenced him to a total seven-year term of imprisonment following his guilty pleas in three separate cases to 13 felonies and one misdemeanor. Mr. Servantes' convictions stemmed from three separate instances of drug-fueled burglarizing and theft.

{¶2} Mr. Servantes raises two assignments of error, contending the trial court erred by (1) failing to notify him at the plea hearing that the failure to comply with order or signal of police officer ("failure to comply") charge carried a mandatory, consecutive sentence and of the maximum penalty for fifth-degree felonies, thus his guilty pleas to those offenses were not knowingly, intelligently, and voluntarily made; and (2) denying his right to allocution pursuant to Crim.R. 32(A)(1) by interrupting his statement to the court during the sentencing hearing.

{¶3} After a careful review of the record and pertinent law, we find Mr. Servantes' first assignment of error to be with merit. A review of the plea hearing transcript reveals the trial court neglected to inform Mr. Servantes of the mandatory, consecutive sentence for failure to comply, and it omitted fifth-degree felonies from its recitation of the maximum penalties for Mr. Servantes' various offenses. When consecutive sentences are statutorily required, the consecutive sentence directly affects the length of the sentence, thus becoming a crucial component of what constitutes the "maximum" sentence. The failure to advise a defendant that a sentence must be served consecutively does not amount to compliance with Crim.R. 11(C)(2). Similarly, failure to inform a defendant of the maximum penalty for an offense amounts to a complete failure to comply with Crim.R. 11(C)(2). Under these circumstances, Mr. Servantes is not required to demonstrate prejudice, and we presume his guilty pleas to those counts were not knowingly, intelligently, or voluntarily made. Accordingly, we vacate Mr. Servantes' guilty pleas to the charges of failure to comply, aggravated possession of drugs, identity fraud, and two counts of breaking and entering. We note Mr. Servantes does not challenge whether the failure to adequately inform him of the maximum penalty for these offenses rendered his

2

entire plea agreement invalid.  That issue is currently before the Supreme Court of Ohio. *See State v. Tancak*, 167 Ohio St.3d 1467, 2022-Ohio-2490, 191 N.E.3d 437 (accepting appeal for review) ("*Tancak II*").

{¶4}  A review of the sentencing hearing transcript reveals Mr. Servantes' second assignment of error is without merit since he was afforded his right to allocution pursuant to Crim.R. 32.  After the trial court interrupted his allocution to inquire whether any victims were present, Mr. Servantes spoke further with the court.  There is no indication that he had anything more to say apart from agreeing with the court that he was facing a long term of imprisonment.

{¶5}  Lastly, our review of the sentencing judgment entry reveals the statutory subsections of the offenses, which Mr. Servantes pleaded guilty to, are omitted.  Thus, we instruct the trial court to issue a nunc pro tunc entry upon resentencing.

{¶6}  The judgment of the Portage County Court of Common Pleas is affirmed in part and reversed, vacated, and remanded in part in accordance with this opinion.

## Substantive and Procedural History

{¶7}  In September 2019, March 2021, and April 2021, Mr. Servantes was indicted by a grand jury in three cases (case nos. 2021 CR 00469, 2021 CR 00743, and 2022 CR 00172) on 18 counts.  His charges stemmed from a string of burglaries, breaking and entering, grand theft, receiving stolen property, identity fraud, and drug possession in and around the Kent State University campus.

{¶8}  As a result of plea negotiations, Mr. Servantes pleaded guilty to 14 counts (several of which were amended at the plea hearing).

3

Case Nos. 2022-P-0031, 2022-P-0032, 2022-P-0033

{¶9} More specifically, in case no. 2021 CR 00469, Mr. Servantes pleaded guilty to aggravated possession of drugs, a fifth-degree felony, in violation of R.C. 2925.11(A) and (C)(1)(a) (count one of the indictment), and identity fraud, a fifth-degree felony, in violation of R.C. 2913.49(B)(1) and (2) (count three of the indictment).

{¶10} In case no. 2021 CR 00743, Mr. Servantes pleaded guilty to five amended counts of burglary, third-degree felonies, in violation of R.C. 2911.12(A)(3) (counts one, four, five, six, and seven of the indictment).

{¶11} In case no. 2022 CR 00172, Mr. Servantes pleaded guilty to grand theft, a fourth-degree felony, in violation of R.C. 2913.02(A)(1) and (B)(5) (count one of the indictment); failure to comply, a third-degree felony, in violation of R.C. 2921.331(B) and (C)(5)(a)(ii) (count two of the indictment); two counts of breaking and entering, fifth-degree felonies, in violation of R.C. 2911.13(B) (counts three and six of the indictment); burglary, a third-degree felony, in violation of R.C. 2911.12(A)(3) (amended count four of the indictment); receiving stolen property, a first-degree misdemeanor, in violation of R.C. 2913.51(A) (count five of the indictment); and receiving stolen property, a fourth-degree felony, in violation of R.C. 2913.51(A) (count eight of the indictment).

### *The Plea Hearing*

{¶12} At the plea hearing, the trial court reviewed the maximum penalties for each level of offense, omitting the maximum penalty for fifth-degree felonies. The trial court inquired: "Do you understand that the felonies of the third degree may bring with them up to 36 months in prison on each count, up to a $10,000 fine and court costs; the felonies of the fourth degree may bring with them up to 18 months in prison, up to a $5,000 fine

4

and court costs; the misdemeanor may bring with it up to 180 days local jail, up to a $1,000 fine and court costs?"

{¶13} Upon defense counsel's query, the trial court informed Mr. Servantes that the failure to comply charge carried a mandatory license suspension but neglected to advise that the maximum penalty included a mandatory, consecutive sentence.

{¶14} The trial court proceeded to ensure Mr. Servantes understood the rights he was waiving, he reviewed the written plea forms with his counsel, and he signed them voluntarily. The trial court accepted Mr. Servantes' guilty pleas and deferred the matter for a sentencing hearing pending a presentence investigation.

### *The Sentencing Hearing*

{¶15} At the sentencing hearing, after defense counsel spoke on Mr. Servantes' behalf, the trial court allowed Mr. Servantes an opportunity to speak. Mr. Servantes spoke to his homeless condition and apologized for any "psychological effects" his crimes may have had on the victims. The court interrupted, "Are any of the victims here? Anyone that's a victim of this crime?" The court continued speaking with Mr. Servantes:

{¶16} "[The Court:] You know, I understand your mental health issues, but at some juncture you have to take responsibility. There are ways of handling that.

{¶17} "[Mr. Servantes:] Yeah. Absolutely.

{¶18} "[The Court:] And some of these charges were knocked down significantly, you understand that?

{¶19} "[Mr. Servantes:] Yes, I do. I absolutely do.

{¶20} "[The Court:] I mean, you're looking at many, many, many, many years in prison.

Case Nos. 2022-P-0031, 2022-P-0032, 2022-P-0033

{¶21} "[Mr. Servantes:] I know."

{¶22} The court proceeded to sentence Mr. Servantes to a seven-year total term of imprisonment (the following terms are to be served concurrently unless stated consecutively): 12 months each for the counts of aggravated possession of drugs and identity fraud, fifth-degree felonies; 36 months each for the five counts of burglary, third-degree felonies; 18 months for grand theft, a fourth-degree felony; 24 months for failure to comply, a third-degree felony, to be served consecutively to the previous sentences; 12 months each for the two counts of breaking and entering, fifth-degree felonies; 24 months for burglary, a third-degree felony, to be served consecutively to the previous sentences; 180 days in jail for receiving stolen property, a first-degree misdemeanor; and 18 months for receiving stolen property, a fourth-degree felony.

{¶23} Mr. Servantes raises two assignments of error for our review:

{¶24} "[1.] Servantes' plea was not knowingly, intelligently, and voluntarily given.

{¶25} "[2.] Servantes was denied his right of allocution contrary to Crim.R. 32(A)(1)."

**Crim.R. 11**

{¶26} This court reviews de novo whether the trial court accepted a plea in compliance with Crim.R. 11. *State v. Willard*, 2021-Ohio-2552, 175 N.E.3d 989, ¶ 51 (11th Dist.).

{¶27} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996).

6

Crim.R. 11 was adopted to give detailed instructions to trial courts on the procedures to follow before accepting pleas of guilty. *State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, 953 N.E.2d 826, ¶ 9.

{¶28} Crim.R. 11(C)(2), provides, in relevant part, as follows:

{¶29} "In felony cases the court * * * shall not accept a plea of guilty * * * without first addressing the defendant personally * * * and doing all of the following:

{¶30} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

{¶31} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty * * *, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

{¶32} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself." Crim.R. 11(C)(2)(a) through (c).

{¶33} In *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, the Supreme Court of Ohio explained that when a criminal defendant seeks to have his conviction reversed on appeal, the traditional rule is he must establish that an error occurred in the trial-court proceedings and he was prejudiced by that error. *Id.* at ¶ 13.

7

**{¶34}** There are limited exceptions to the prejudice component. When a trial court fails to explain the constitutional rights a defendant waives by pleading guilty or no contest, we presume the plea was entered involuntarily and unknowingly, and no showing of prejudice is required. *Id.* at ¶ 14. Similarly, a trial court's complete failure to comply with a portion of Crim.R. 11(C) eliminates the defendant's burden to show prejudice. *Id.* at ¶ 15; *See*, *e.g.*, *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 22 (trial court completely failed to comply with Crim.R. 11(C)(2)(a)'s requirement that it explain the maximum penalty when it made no mention of defendant's mandatory five years of postrelease control in the plea colloquy).

**{¶35}** On appellate review, the questions to be answered are "(1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?" *Id.* at ¶ 17.

**{¶36}** In his first assignment of error, Mr. Servantes asserts his plea was not knowingly, intelligently, and voluntarily made because the trial court failed to inform him (1) the failure to comply charge carries a mandatory, consecutive sentence and (2) of the maximum penalty for a fifth-degree felony.

### Mandatory Consecutive Sentence

**{¶37}** Mr. Servantes was charged with violating R.C. 2921.331(B), "failure to comply with order or signal of police officer," which states:

Case Nos. 2022-P-0031, 2022-P-0032, 2022-P-0033

{¶38} "No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop."

{¶39} "A violation of [R.C. 2921.331(B)] is a felony of the third degree if the jury or judge as trier of fact finds * * * [t]he operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property." R.C. 2921.331(C)(5)(a)(ii).

{¶40} The statute further provides, "If an offender is sentenced pursuant to division * * * (C)(4) or (5) of this section for a violation of division (B) of this section, and if the offender is sentenced to a prison term for that violation, the offender shall serve the prison term consecutively to any other prison term or mandatory prison term imposed upon the offender." R.C. 2921.331(D).

{¶41} When consecutive sentences are statutorily required, the consecutive sentence directly affects the length of the sentence, thus becoming a crucial component of what constitutes the "maximum" sentence. The failure to advise a defendant that a sentence must be served consecutively does not amount to compliance with Crim.R. 11(C)(2). *State v. Norman*, 8th Dist. Cuyahoga No. 91302, 2009-Ohio-4044, ¶ 7; *see also State v. Pitts*, 159 Ohio App.3d 852, 2005-Ohio-1389, 825 N.E.2d 695, ¶ 22 (6th Dist.) (trial court erred by failing to inform the appellant at the plea hearing that R.C. 2921.331(D) mandates consecutive sentences even though the written plea form correctly stated the sentence must be imposed consecutively); *State v. Hankison*, 4th Dist. Scioto No. 01CA2792, 2002-Ohio-6161, ¶ 19.

Case Nos. 2022-P-0031, 2022-P-0032, 2022-P-0033

**{¶42}** Since the trial court did not inform Mr. Servantes that any sentence for a violation of R.C. 2921.331 would be served consecutively to sentences imposed on the other counts to which he was pleading guilty, the trial court failed to comply with Crim.R. 11(C)(2)(a). Thus, no showing of prejudice is required, and we must vacate Mr. Servantes' guilty plea to the charge of failure to comply.

### Maximum Penalty

**{¶43}** Similarly, as our review of the plea hearing transcript reveals, the trial court omitted any mention of the maximum penalty for a fifth-degree felony from its recitation of the maximum penalties. Mr. Servantes pleaded guilty to four fifth-degree felonies: aggravated possession of drugs, identity fraud, and two counts of breaking and entering.

**{¶44}** Because the trial court completely failed to inform Mr. Servantes of the maximum penalty associated with his guilty pleas to those counts, no showing of prejudice is required, and we vacate his guilty pleas. *See Dangler* at ¶ 15 (a trial court's complete failure to comply with a portion of Crim.R. 11(C) eliminates the defendant's burden to show prejudice); *State v. Hill*, 4th Dist. Lawrence Nos. 04CA9 & 04CA11, 2005-Ohio-3491, ¶ 21 (trial court failed to inform the appellant of the maximum penalty for fourth-degree felonies; thus, his pleas were not knowingly, intelligently, and voluntarily entered).

**{¶45}** Accordingly, we vacate Mr. Servantes' guilty pleas to the charges of failure to comply, aggravated possession of drugs, identity fraud, and the two counts of breaking and entering. We note Mr. Servantes is only challenging his plea to these offenses and not the plea agreement itself. In *State v. Tancak*, 9th Dist. Lorain No. 21CA011725, 2022-

10

Ohio-880, the appellant pleaded guilty to several charges, including failure to comply, and was sentenced to prison. *Id.* at ¶ 12. The Ninth District vacated the appellant's guilty plea to failure to comply because, as in this case, the trial court failed to comply with Crim.R. 11 by neglecting to inform the appellant that the charge carried a mandatory, consecutive sentence. *Id.* at ¶ 13. The appellant also raised as error whether the remaining seven counts must also be invalidated since his plea to failure to comply was part of a larger plea agreement. *Id.* at ¶ 15. The Ninth District disagreed, determining the record was devoid of a plea agreement that would unify his plea to all of the charges against him. *Id.* at ¶ 21. Thus, the appellant failed to show that the defect to the failure to comply charge should be treated more broadly. *Id.* Most fundamentally, he acknowledged in his written plea form that the trial court had the discretion to sentence him to consecutive sentences on *all* of the charges that carried a term of imprisonment. *Id.* That case is currently pending before the Supreme Court of Ohio. *See Tancak II*, *supra.*

{¶46} Mr. Servantes' first assignment of error is with merit.

**Right to Allocution**

{¶47} In Mr. Servantes' second assignment of error, he contends he was denied his right to allocution pursuant to Crim.R. 32 because the trial court interrupted him and did not allow him to complete his statement.

{¶48} Pursuant to Crim.R. 32(A)(1), before imposing sentence, a trial court must address the defendant personally and ask whether he or she wishes to make a statement on his or her own behalf or present any information in mitigation of punishment. Crim.R. 32(A); *State v. Campbell*, 90 Ohio St.3d 320, 326, 738 N.E.2d 1178 (2000). When a trial

11

Case Nos. 2022-P-0031, 2022-P-0032, 2022-P-0033

court has imposed sentence without first asking the defendant whether he or she wishes to exercise the right of allocution created by Crim.R. 32(A), resentencing is required unless the error is invited error or harmless error. *Id.*

{¶49} A Crim.R. 32 inquiry is much more than an empty ritual; it represents a defendant's last opportunity to plead his case or express remorse. *State v. Green*, 90 Ohio St.3d 352, 359-360, 738 N.E.2d 1208 (2000). The requirement of allocution is considered fulfilled when the conduct of the court clearly indicates to the defendant and his counsel that each has a right to make a statement prior to the imposition of sentence. *See United States v. Byars*, 290 F.2d 515, 517 (6th Cir.1961). The right to allocution is both absolute and not subject to waiver due to a defendant's failure to object. *See Campbell* at 324-325.

{¶50} As our review of the sentencing hearing reveals, the trial court interrupted Mr. Servantes during his allocution to inquire whether there were any victims present. Simply because Mr. Servantes was interrupted, however, does not mean he was not afforded a full allocution, especially in this case where the court continued to speak with him after the interruption and where the record indicates he was finished speaking.

{¶51} For instance, in *State v. Roach*, 7th Dist. Belmont No. 15 BE 0031, 2016-Ohio-4656, the Seventh District determined that even if a court interrupts a defendant's allocution, his right is not violated if he is permitted to speak after the interruption. *Id.* at ¶ 16. In that case, the appellant was provided a further opportunity to speak after the court commented, "Everyone in this room wishes that, sir." *Id.* This opportunity was indicated by the appellant's response, "I understand that." The appellant, however, did not continue speaking, and there was no indication he had more to say. *Id.* In addition,

12

defense counsel had already given a statement on the appellant's behalf and provided information in mitigation of punishment. *Id.* at ¶ 17. *See also State v. Neff*, 7th Dist. Belmont No. 19 BE 0007, 2020-Ohio-4818, ¶ 15 (determining any error was harmless since the defendant was given an opportunity to continue speaking after the interruption, she submitted a written statement, and defense counsel made a statement on her behalf); *State v. Hutchinson*, 8th Dist. Cuyahoga No. 106755, 2018-Ohio-4792, ¶ 15 (the trial court did not violate the defendant's right to allocution where the record reflected the court allowed the defendant an opportunity to speak after being interrupted, and his response, "Yes, Your Honor," indicated he completed his allocution).

{¶52} Similarly, in this case, Mr. Servantes was provided with a further opportunity to speak, and there is no indication he had more to say besides his agreement with the court that he was looking at "many, many, many, many years in prison." "A trial transcript is not like a script for a play and does not contain indicators of demeanor or measures of time between pauses." *State v. Turner*, 7th Dist. Mahoning No. 17 MA 0155, 2019-Ohio-934, ¶ 34 (finding any interruption by the trial court to be harmless error where the appellant did not demonstrate prejudice).

{¶53} In addition, prior to his allocution, defense counsel spoke on Mr. Servantes' behalf, reviewing his pre-sentence investigation report and the motions filed on his behalf. He advocated for Mr. Servantes to be placed in the CATS (Community Assessment and Treatment Services) Program in Wadsworth, Ohio. In mitigation, he noted Mr. Servantes was apologetic, he understood the severity of his crimes, and he was suffering from "issues" when the crimes occurred.

13

{¶54} In support, Mr. Servantes cites to our decision in *State v. Farhat*, 11th Dist. Portage No. 2021-P-0111, 2022-Ohio-1716, where we determined the appellant was denied his right to allocution. *Id.* at ¶ 15. *Farhat*, however, is markedly different from the circumstances of this case because the appellant was never given an opportunity to speak. Rather, the court asked the appellant a question related to the facts of the case and then proceeded to sentencing. *See id.* at ¶ 5-7. The appellant was not afforded an opportunity to address the substance of his offense, offer any mitigating circumstances, speak to his lengthy criminal history, or express remorse for his actions. *Id.* at ¶ 15. When he attempted to do so, the trial court "cut him off and said, 'My turn to talk. No, no, no, no." *Id.* Mr. Servantes, on the other hand, was given an opportunity to speak, both before and after the court's interruption. Further, he expressed remorse and understood he was facing a lengthy term of imprisonment.

{¶55} Based on the facts presented, the record reflects the trial court complied with Crim.R. 32(A)(1).

{¶56} Mr. Servantes' second assignment of error is without merit.

**Clerical Errors in Sentencing Entry**

{¶57} Lastly, our review of the record indicated that the sentencing judgment entry contains clerical errors insofar as the statutory subsections of the offenses, which Mr. Servantes pleaded guilty to were omitted.

{¶58} Crim.R. 36 authorizes the trial court to correct "[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission * * * at any time." Courts have held that a nunc pro tunc entry may be used to correct a sentencing entry to reflect the sentence the trial court imposed at the

14

sentencing hearing. *See*, *e.g.*, *State v. Vaughn*, 8th Dist. Cuyahoga No. 103330, 2016-Ohio-3320, ¶ 21; *State v. Fugate*, 12th Dist. Butler No. CA2000-02-031, 2000 WL 1708508, *2 (Nov. 13, 2000).

**{¶59}** Accordingly, upon remand and resentencing, the trial court is ordered to issue a nunc pro tunc entry to include the correct statutes with their appropriate subsections.

**{¶60}** Based on the foregoing, we affirm in part and reverse in part. We affirm the judgment of the Portage County Court of Common Pleas in part since Mr. Servantes was afforded his right to allocution during the sentencing hearing. We reverse to the point of error, i.e., the change of plea hearing, vacate Mr. Servantes' guilty pleas to the charges of failure to comply, aggravated possession of drugs, identity fraud, and the two counts of breaking and entering, and remand for further proceedings in accordance with this opinion.

MATT LYNCH, J.,

EUGENE A. LUCCI, J.,

concur.

15

Case Nos. 2022-P-0031, 2022-P-0032, 2022-P-0033