[Cite as *State v. Ward*, 2024-Ohio-2038.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

MICHAEL D. WARD, JR.,

        Defendant-Appellant.

**CASE NO. 2023-L-092**

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2023 CR 000498

## O P I N I O N

Decided: May 28, 2024
Judgment: Affirmed

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Vanessa R. Clapp*, Lake County Public Defender, and *Melissa A. Blake*, Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).

EUGENE A. LUCCI, P.J.

{¶1}    Appellant, Michael D. Ward, Jr., appeals the judgment imposing sentence following his guilty plea to two felony and two misdemeanor charges. We affirm.

{¶2}    In 2023, Ward was indicted on the following charges: kidnapping, a second-degree felony, in violation of R.C. 2905.01(B)(1); burglary, a second-degree felony, in violation of R.C. 2911.12(A)(2); abduction, a third-degree felony, in violation of R.C. 2905.02(A)(1); failure to comply with an order or signal of a police officer, a fourth-degree felony, in violation of R.C. 2921.331(B); domestic violence, a first-degree misdemeanor,

in violation of R.C. 2919.25(A); and endangering children, a first-degree misdemeanor, in violation of R.C. 2919.22(A).

{¶3} After initially entering not guilty pleas to all charges, Ward changed his pleas to guilty on the failure to comply, domestic violence, and endangering children charges. Ward also entered a guilty plea to attempted abduction, a fourth-degree felony, in violation of R.C. 2905.02(A)(1) and R.C. 2923.02, as a lesser included offense of abduction. In an entry issued following the change-of-plea hearing, the court noted that the state would move to dismiss the remaining counts at sentencing. The court referred the matter for a presentence investigation and report and a victim impact statement.

{¶4} At sentencing, the trial court imposed 18 months of imprisonment on the attempted abduction count and 18 months of imprisonment on the failure to comply count, to be served consecutively, for a total of 36 months of imprisonment. The trial court sentenced Ward to 180 days of confinement on the domestic violence count and 180 days of confinement on the endangering children count, to be served concurrently with each other and with the two felony counts. In the sentencing entry, the court stated that it entered a nolle prosequi on all other counts in the indictment on the state's motion.

{¶5} Ward appeals the sentencing entry, raising one assignment of error as follows:

{¶6} "The trial court erred by sentencing the defendant-appellant to consecutive prison sentences of eighteen months on count three and count four, totaling thirty-six months, as that sentence is contrary to law."

{¶7} This court reviews felony sentences pursuant to R.C. 2953.08(G)(2). That subsection provides, in pertinent part:

2

Case No. 2023-L-092

The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14[, (regarding consecutive sentences)] * * *;
.
(b) That the sentence is otherwise contrary to law.

{¶8} Pursuant to R.C. 2929.14(C)(4), separate prison terms for multiple offenses may be ordered to be served consecutively if the court finds it is necessary to protect the public from future crime or to punish the offender; that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and if the court also finds any of the factors in R.C. 2929.14(C)(4)(a)-(c) are present. Those factors include the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

3

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶9} Here, at sentencing, the trial court stated:

A consecutive sentence is necessary to protect the public from future crime by you and to appropriately punish you and are (sic.) not disproportionate to the seriousness of your conduct and the danger that you pose to the public. This offense was committed, Counts 3, 4 and 5, and 6 when you were on bond out of Cuyahoga County. And your history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by you.

{¶10} Likewise, in the sentencing entry, the trial court stated:

Pursuant to R.C. 2929.14(C)(4) and R.C. 2929.19(B)(2)(b), the Court finds for the reasons stated on the record that consecutive sentences are necessary to protect the public from future crime or to punish the Defendant and are not disproportionate to the Defendant's conduct, and the danger the Defendant poses to the public, and that the Defendant committed one or more of the multiple offenses while awaiting sentencing, and the Defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the Defendant.

{¶11} On appeal, Ward maintains that the record clearly and convincingly does not support the R.C. 2929.14(C)(4) findings the sentencing court made to justify consecutive sentences. We disagree that the trial court was required to make such findings to impose consecutive sentences.

{¶12} Despite the court's reliance on R.C. 2929.14(C)(4) as authority to impose consecutive service of Ward's prison sentences, consecutive service was mandatory in this case. As set forth above, one of the charges to which Ward pleaded guilty was a fourth-degree failure to comply, in violation of R.C. 2921.331(B). The indictment alleged that the offense occurred while Ward was fleeing immediately after committing a felony.

4

The indictment further provided, "Upon conviction of this offense, if the defendant is sentenced to a prison term, he shall serve the prison term consecutively to any other prison term imposed." This language in the indictment reflects statutory provisions contained in R.C. 2921.331(C) and (D). As applicable here, R.C. 2921.331(C) provides that "a violation of division (B) of this section is a felony of the fourth degree if the jury or judge as trier of fact finds by proof beyond a reasonable doubt that, in committing the offense, the offender was fleeing immediately after the commission of a felony." R.C. 2921.331(D) provides that "[i]f an offender is sentenced pursuant to division (C)(4) or (5) of this section for a violation of division (B) of this section, and if the offender is sentenced to a prison term for that violation, the offender shall serve the prison term consecutively to any other prison term or mandatory prison term imposed upon the offender." Therefore, consecutive service of Ward's prison terms was required by law without regard to R.C. 2929.14(C)(4). *See State v. Chambers*, 11th Dist. Lake No. 2023-L-075, 2023-Ohio-4859, ¶ 15, citing *State v. Lozier*, 101 Ohio St.3d 161, 2004-Ohio-732, 803 N.E.2d 770, ¶ 46 (reviewing court does not reverse a correct judgment regardless of the propriety of the lower court's reasons provided in support of the judgment). Because Ward's assigned error depends entirely on the applicability of R.C. 2929.14(C)(4), his sole assigned error lacks merit.

{¶13} Last, we note that, at the change-of-plea hearing, the court advised Ward, "I *could* give you a consecutive sentence that means one sentence after another for the separate offenses. If I did that you face a 36 month maximum prison sentence and a $12,000.00 maximum fine; do you understand that?" (Emphasis added.) Ward responded in the affirmative. Based upon this, the dissent would sua sponte notice error

5

with respect to the plea colloquy and hold that the trial court completely failed to advise Ward as to the mandatory nature of consecutive sentences. Accordingly, the dissent would reverse Ward's conviction and vacate Ward's guilty pleas, relief that Ward did not seek on appeal.

{¶14} However, appellate courts "are not obligated to search the record or formulate legal arguments on behalf of the parties, because '"appellate courts do not sit as self-directed boards of legal inquiry and research, but [preside] essentially as arbiters of legal questions presented and argued by the parties before them."'" *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 19, quoting *State v. Bodyke,* 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, ¶ 78 (O'Donnell, J., concurring in part and dissenting in part), quoting *Carducci v. Regan,* 714 F.2d 171, 177 (D.C.Cir.1983). Thus, "[a]s a general rule, appellate courts do not assign errors for parties, do not make assumptions as to the portion of an entry an appellant may have intended to attack, and do not usurp a potential appellate strategy employed by an appellant." *Brown v. Dayton*, 2d Dist. Montgomery No. 24900, 2012-Ohio-3493, ¶ 24; *see also State v. Luke*, 3d Dist. Defiance No. 4-98-13, 1999 WL 84682 (Feb. 1, 1999). We see no reason to depart from this general rule in this case. Notably, the issue the dissent addresses and would find dispositive is not jurisdictional in nature, and we did not order supplemental briefing on this issue. Further, as discussed above, there is no indication in Ward's brief that he wishes to vacate his guilty pleas which ultimately resulted in the dismissal of two second-degree felony charges (kidnapping and burglary) and the reduction of the third-degree abduction charge to a fourth-degree attempted abduction charge.

6

{¶15} Accordingly, we address only the assignment of error before us. As the sole assigned error lacks merit, the judgment is affirmed.

MARY JANE TRAPP, J., concurs,

JOHN J. EKLUND, J., dissents with a Dissenting Opinion.

_____

JOHN J. EKLUND, J., dissents with a Dissenting Opinion.

{¶16} I agree with the majority's treatment of appellant's assignment of error. However, I respectfully dissent in the court's judgment. There is no question that the trial court failed to advise the appellant, before accepting his plea, that the maximum penalty for the Failure to Comply offense to which he offered to plead guilty carried a mandatory, consecutive sentence. In fact, the court essentially advised appellant that consecutive sentences were *not* mandatory. Thus, appellant's plea to the count charging the Failure to Comply offense was not made knowingly, intelligently, and voluntarily. I regard this as plain error, so I am not deterred by appellant's failure to object in the trial court or to assign the issue as error.

{¶17} This court established, less than a year ago, that in this District:

> When consecutive sentences are statutorily required, the consecutive sentence directly affects the length of the sentence, thus becoming a crucial component of what constitutes the 'maximum' sentence. The failure to advise a defendant that a sentence must be served consecutively does not amount to compliance with Crim. R. 11(C)(2). [Such a] failure to inform a defendant of the maximum penalty for an offense amounts to a complete failure to comply with Crim. R. 11(C)(2).

7

Case No. 2023-L-092

*State v. Servantes*, 11th Dist. Portage No. 2022-P-0031, 2023-Ohio-2116, ¶ 3.

{¶18} Appellant's conviction for a fourth-degree felony under R.C. 2921.331 carried a mandatory consecutive prison term to the other prison terms imposed upon him. However, the trial court failed to inform appellant of this during his change of plea hearing. When engaging in the plea colloquy for the failure to comply count, the trial court informed appellant that the count was "a felony 4 with an 18 month maximum prison sentence and a $5,000.00 maximum fine[.]" The court said that it "could" impose "a consecutive sentence that means one sentence after another for the separate offenses." The court never informed appellant that his plea to R.C. 2921.331 carried with it a mandatory consecutive sentence to any other prison term imposed on appellant.

{¶19} Appellant did not assign this failure as error, and none of the briefing specifically addressed whether appellant knowingly, intelligently, and voluntarily entered a plea carrying a mandatory consecutive sentence.

{¶20} Where a defendant enters a plea knowingly, intelligently, and voluntarily, there will be no surprise when the trial court imposes a mandatory consecutive sentence. This is precisely why a trial court must ensure a defendant enters a plea knowingly, intelligently, and voluntarily. *See State v. Wasilewski*, 11th Dist. Portage No. 2020-P-0025, 2020-Ohio-5141, ¶ 20. "Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *Id.*

{¶21} In reviewing whether a guilty plea was entered knowingly, intelligently, and voluntarily, an appellate court conducts a de novo review of the record to ensure compliance with constitutional and procedural safeguards. *State v. Siler*, 11th Dist.

8

Ashtabula No. 2010-A-0025, 2011-Ohio-2326, ¶ 12; *State v. Eckler*, 4th Dist. Adams No. 09CA878, 2009-Ohio-7064, ¶ 48. Those constitutional and procedural safeguards are designed to ensure that a trial court determines whether a plea is entered knowingly, intelligently, and voluntarily by explaining the constitutional and other rights and the consequences of waiving them.

{¶22} Crim.R. 11(C)(2)(a) sets forth the non-constitutional advisements a trial court must give to a defendant to assure the plea is being made voluntarily, intelligently, and knowingly. One of them is the maximum penalty involved. *State v. Dangler,* 162 Ohio St.3d 1, 164 N.E.3d 286, ¶ 23.

{¶23} When challenging a trial court's failure to comply with the non-constitutional Crim.R. 11(C)(2)(a) requirements, a defendant must demonstrate either prejudice or that the trial court completely failed to comply with the applicable portion of Crim.R. 11(C). *Id.* at ¶ 14-15.

{¶24} A "complete failure to comply" with a non-constitutional requirement of Crim.R. 11 occurs when the court makes "no mention" of the requirement. *Id.* at ¶ 15, citing *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 22 (holding that a failure to mention postrelease control where the defendant was subject to a mandatory five years of postrelease control was a complete failure to comply with the requirements of Crim.R. 11).

{¶25} When consecutive sentences are statutorily required, the consecutive sentence is a necessary component of the "maximum sentence" advisement which is required under Crim.R. 11(C)(2)(a). *State v. Servantes*, 11th Dist. Portage No. 2022-P-0031, 2023-Ohio-2116, ¶ 41. Thus, failing to advise a defendant that a sentence must be

9

served consecutively is not compliant with the requirements of Crim.R. 11(C)(2). *Id.* Where a trial court does not inform a defendant that a sentence must be served consecutively, such a failure is a complete failure to comply with the requirements of Crim.R. 11(C)(2)(a). *See id.*; *Sarkozy, supra,* at ¶ 22.

{¶26} Mentioning "consecutive sentences" at a plea hearing, without more, does not render the court's failure on this point something less than "complete." A defendant could not "know" his sentence would run consecutively when the court told him, in essence, that it might not impose it. Here it is the mandatory nature of the longer sentence that is at issue, and that was not addressed at all. And, in fact, the trial court's failure here was in some ways worse than a mere failure to completely advise appellant of the maximum penalty involved. Instead, the court provided an incorrect advisement suggesting that a consecutive sentence was only possible, not mandatory.

{¶27} In *Servantes* appellant assigned as error the trial court's failure to inform him of a mandatory consecutive sentence. We found a reversible error. The difference in this case is that the issue has not been raised directly on appeal. However, although appellant did not raise this issue at the time of sentencing or on appeal, "Crim.R. 52(B) affords appellate courts discretion to correct '[p]lain errors or defects affecting substantial rights' notwithstanding the accused's failure to meet his obligation to bring those errors to the attention of the trial court." *State v. Rogers,* 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 22. A reviewing court may find plain error at the plea stage. *Brooklyn v. Murray*, 8th Dist. Cuyahoga No. 102303, 2015-Ohio-2955, ¶ 4. Given this court's holding in *Servantes*, neither the error nor its effects on appellant's substantial rights could be more plain.

10

Case No. 2023-L-092

{¶28} Because this case involves a complete failure to inform a defendant of the maximum penalty involved in his sentence, the burden to show prejudice is eliminated. *State v. Dangler,* 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 14.

{¶29} This conclusion leaves only one question: whether or not this court should act on this plain error. The answer is yes. Sua sponte noticing the trial court's failure to advise appellant that his guilty plea carries a mandatory consecutive sentence is not inappropriate in this case.

{¶30} In *State v. Hankison,* 4th Dist. Scioto No. 01CA2792, 2002-Ohio-6161, the trial court amended the defendant's sentencing entry without notice or a hearing. *Id.* at ¶ 1. The Fourth District said there was no question that the trial court's amended sentencing entry was contrary to law and said the case must be remanded. *Id.* at ¶ 21. However, the Fourth District sua sponte raised the issue of the trial court's failure to advise the defendant that his plea carried a mandatory consecutive sentence, noting that the defendant "failed to articulate this argument in his brief to this Court." *Id.* at ¶ 20. Because of the trial court's failure to advise the defendant of the mandatory consecutive sentence at the plea hearing, instead of merely vacating the sentence and remanding for resentencing, the Fourth District concluded that appellant did not enter his plea knowingly and intelligently and vacated the pleas. *Id.* at ¶ 22-23.

{¶31} In this case, had the trial court's error been raised as an assignment of error, this court would certainly reverse. Therefore, the trial court's error affected appellant's substantial rights – appellant did not enter his plea knowingly and intelligently. Although the majority suggests that it is inappropriate to trawl the record for error or formulate arguments on behalf of the parties, the error before us is apparent in any event. Further,

11

the majority notes that we did not ask for additional briefing on this error. However, given the obvious nature of the error, I fail to see what purpose additional briefing would serve.

{¶32} Based on the trial court's complete failure to comply with the requirements of Crim.R. 11(C)(2)(a), I would vacate appellant's plea to the R.C. 2921.331(B) charge, reverse to the point of error (the change of plea hearing), and remand for further proceedings.

Case No. 2023-L-092