OPINION
{¶ 1} This appeal, submitted on the briefs of the parties, arises from the Ashtabula County Court of Common Pleas wherein, appellant, Cameron Sterling ("Sterling"), entered an Alford
plea to one count of rape.[1]
 {¶ 2} On December 4, 1990, Sterling was indicted on one count of rape, in violation of R.C. 2907.02(A)(1)(b), a felony in the first degree. This charge stemmed from Sterling's alleged sexual abuse of his girlfriend's eleven-year-old daughter. Sterling entered a plea of not guilty at his arraignment.
 {¶ 3} On January 2, 1991, Sterling entered an Alford plea to one count of rape. In exchange for Sterling's plea, the state agreed to remove language from the indictment that Sterling "purposely compelled [a] female minor to submit by force or threat of force," thereby removing the possibility of a life sentence. The trial court subsequently sentenced Sterling to an indefinite term of six to twenty-five years imprisonment.
 {¶ 4} On October 15, 2001, Sterling filed a motion for correction of sentence. On November 26, 2001, he filed a motion for appointment of counsel and a motion for order granting release with the trial court. On December 11, 2001, the trial court issued a judgment entry, overruling all of Sterling's motions.
 {¶ 5} On March 29, 2002, Sterling filed a notice of appeal from the December 11, 2001 judgment entry. The state filed a motion to dismiss the untimely appeal, which this court overruled. On March 29, 2002, Sterling filed a motion for leave to file a delayed appeal which was granted by this court. Sterling filed his brief and assignment of error on May 28, 2002, before the motion for leave to file a delayed appeal was granted. This court granted his motion for delayed appeal on October 2, 2002. Sterling filed an amended brief and assignment of error on October 9, 2002. This court subsequently ordered the clerk of courts to strike Sterling's May 28, 2002 brief and replace it with the amended brief. Sterling then filed a motion requesting the court to reconsider the striking of the May 28th brief as the October 9th brief was not amended as labeled but, rather, was a supplemental brief. This court then ordered Sterling to file one brief, which included all assignments of error for appeal. Sterling filed that brief on June 23, 2003, and the October 9th brief was stricken. The state filed an answer brief on August 8, 2003. Sterling subsequently filed a reply brief on August 25, 2003.
 {¶ 6} Sterling raises five assignments of error on appeal. The first assignment of error is:
 {¶ 7} "The trial court abused its discretion by not rendering any findings of fact pursuant to Civil Rule 52."
 {¶ 8} Sterling filed a motion requesting the trial court to make findings of fact and conclusions of law, pursuant to Civ.R. 52, subsequent to the December 11th judgment entry. In his first assignment of error, Sterling argues that the trial court erred in not rendering findings of fact and conclusions of law.
 {¶ 9} Civ.R. 52 applies when "questions of fact are tried by the court without a jury."[2] In the instant case, there were no questions of fact tried by the court, as Sterling entered a guilty plea on the amended rape charge pursuant to NorthCarolina v. Alford.[3] Therefore, the trial court did not abuse its discretion, as it was not required to provide findings of fact and conclusions of law.
 {¶ 10} Sterling's first assignment of error is without merit.
 {¶ 11} The second assignment of error is:
 {¶ 12} "The trial court erred to the prejudice of appellant in accepting his Alford-type guilty plea [sic] when the indictment returned by the Ashtabula County Grand Jury never contained any specification pursuant to R.C. 2907.02(B)."
 {¶ 13} In his second assignment of error, Sterling contends that when he entered his guilty plea, pursuant to Alford, he believed the potential sentence he would receive was life imprisonment if he were tried and convicted. Sterling states that because the indictment did not list the statutory codification (R.C. 2907.02(B)), he did not know his potential sentence and, thus, his plea was not made knowingly, intelligently, and voluntarily.
 {¶ 14} Crim.R. 7(B), governing the requirements for an indictment, reads, in pertinent part:
 {¶ 15} "Error in the numerical designation or omission of the numerical designation shall not be ground for dismissal of the indictment or information, or for reversal of a conviction, if the error or omission did not prejudicially mislead the defendant."
 {¶ 16} The indictment issued in the instant case contained the specific language, "purposefully compelled the female minor to submit by force or threat of force." It is this language which designates the rape as a felony in the first degree carrying a possible life sentence. Although the numerical designation was omitted, Sterling was on notice throughout the proceedings that he was subject to a life imprisonment. A review of the plea hearing transcript reveals the following statement from defense counsel:
 {¶ 17} "We would make the plea under Alford, your honor, for the simple reason that Mr. Sterling is aware of the original charge bearing a life imprisonment. He's aware that the charge of Rape is an aggravated felony of the first degree, non-probationable, with a prison term of five to ten through twenty-five years. He's doing this because he is aware, although his memory can't recall some of the items here, that there is some strong evidence that at a trial it is possible that there is enough evidence that he might be convicted of the life imprisonment Rape."
 {¶ 18} Sterling was then asked by the trial court whether he understood the proposed plea bargain, and he then went forth with the plea bargain. Thus, although the original indictment omitted the statutory numerical designation, Sterling was on notice that he was facing a possible sentence of life imprisonment and, thus, was not prejudicially misled.
 {¶ 19} Sterling's second assignment of error is without merit.
 {¶ 20} The third assignment of error is:
 {¶ 21} "The trial court committed plain error, to the prejudice of the appellant when not adhering to the precedent set forth in North Carolina v. Alford, that mandates the trial court to inquire into what independent evidence the state may have to support a factual basis of guilt, in violation of ArticleI, Section 16 of the Ohio Constitution and theFourteenth Amendment to the United States Constitution."
 {¶ 22} The fourth assignment of error is:
 {¶ 23} "The trial court abused its discretion by not adhering to the requirements set forth by the United States Supreme Court when accepting an Alford type plea."
 {¶ 24} In his third and fourth assignments of error, Sterling contends that the trial court erred in not properly conducting his Alford plea hearing when it made a factual determination as to his guilt without requiring the state to produce independent evidence. Because of the interrelated nature of both assignments of error, we shall address them simultaneously.
 {¶ 25} When accepting a guilty plea, a trial court must strictly comply with the constitutional requirements of Crim.R. 11(C)(2)(c). The failure to do so invalidates the guilty plea. Compliance with the constitutional provisions of Crim.R. 11(C)(2)(c) requires that the court explain to the defendant that he is waiving the Fifth Amendment privilege against self incrimination; the right to a jury trial; the right to confront accusers; the right to compulsory process of witnesses; and the right to be proven guilty beyond a reasonable doubt.[4]
Moreover, the trial court must substantially comply with the language of Crim.R. 11(C)(2)(a) and (b). That portion of the rule requires the court to address the defendant personally and determine that the defendant is making the plea voluntarily, and, if applicable, that the defendant is not eligible for probation or community control sanction.[5] Also, the court must ensure that the defendant understands the effect of the guilty plea and that the court may proceed with judgment and sentencing.[6]
 {¶ 26} In North Carolina v. Alford, the Supreme Court of the United States determined that a trial court may accept a guilty plea, despite protestations of innocence, where "defendant intelligently concludes that his interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt."[7] Before accepting an Alford
guilty plea, the court must also require the state to show the factual basis for the charge and plea.[8] A protestation of innocence does not invalidate a guilty plea if the court complies with Crim.R. 11 and the state establishes a factual basis for the charge and plea.
 {¶ 27} In the instant case, a review of the transcript from the plea hearing reveals that the trial court questioned Sterling extensively regarding the events underlying the rape charge. Moreover, the trial court strictly complied with each of the constitutional requirements of Crim.R. 11(C)(2)(c). The trial court also substantially complied with the non-constitutional requirements of Crim.R. 11. Implicit in any Alford plea is the requirement that the defendant actually state his innocence on the record during the plea hearing.[9] In this case, during the entire plea hearing, although given the opportunity to address the court, Sterling never affirmatively asserted his innocence, as required in an Alford plea.[10] However, the trial court proceeded to conduct an Alford inquiry, questioning Sterling about the underlying facts of the offense, his reasons for pleading guilty, the possible outcomes, and Sterling's beliefs as to the likelihood that he would be convicted. The state was also given the opportunity to show the factual basis for the charge and the plea. At the plea hearing, the prosecution stated:
 {¶ 28} "Your Honor, I think this is a proper plea in light of the circumstances. The victim's statement is clear and strong that the act that [Sterling's] charged with was committed. The defendant admitted to the police when they came that he was the one that they were after. We have evidence showing guilt, although no clear admission by the defendant himself.
 {¶ 29} "We feel there would be sufficient evidence, based upon the totality of the evidence, to convict him of the greater crime. However, in the furtherance of justice, we still continue to recommend to the Court to accept the defendant's plea to this offense."
 {¶ 30} Therefore, we find that the trial court did not err and properly conducted the plea hearing in accordance with Crim.R. 11 and North Carolina v. Alford.
 {¶ 31} Sterling's third and fourth assignments of error are without merit.
 {¶ 32} The fifth assignment of error is:
 {¶ 33} "The prosecution has a constitutional obligation to make timely disclosure to the appellant of all evidence that tends to negate the guilt of the appellant."
 {¶ 34} In his fifth assignment of error, Sterling avers that the state violated his due process rights by failing to provide him with DNA reports that he contends would have had exculpatory value and "negate his guilt."
 {¶ 35} Crim.R. 16 requires the prosecution to disclose all evidence favorable to the accused. In its brief, the state contends that at no time was it aware of any available DNA evidence that was favorable to Sterling or that negated his guilt. The record is devoid of any potentially exculpatory DNA evidence. Sterling asserts that a sworn affidavit submitted to this court with his brief indicating he has herpes simplex, is relevant evidence relating to his contention that the DNA evidence exists. However, Sterling fails to refer this court to any portion of the record indicating the existence of such evidence and its evidentiary value.
 {¶ 36} Sterling's fifth assignment of error is without merit.
 {¶ 37} Therefore, based on the foregoing, the judgment of the trial court is affirmed.
Grendell, J., concurs.
Ford, P.J., concurs in judgment only.
[1] Case No. 01 CR 000392.
[2] See Civ.R. 52.
[3] North Carolina v. Alford (1970), 400 U.S. 25.
[4] State v. Scarnati, 11th Dist. No. 2001-P-0003, 2002-Ohio-711.
[5] Crim.R. 11(C)(2)(a).
[6] Crim.R. 11(C)(2)(b).
[7] North Carolina v. Alford, 400 U.S. at 37.
[8] Id.; State v. Casale (1986), 34 Ohio App.3d 339, 340.
[9] State v. Hickman (June 18, 1999), 11th Dist. No. 98-P-0024, 1999 Ohio App. LEXIS 2819, at *14.
[10] Id.