[Cite as *State v. Rupp*, 2025-Ohio-1136.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | | C.A. No. 2024CA0080-M |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| DAVID J. RUPP | | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | | CASE No. 2024-CR-0286 |

DECISION AND JOURNAL ENTRY

Dated: March 31, 2025

SUTTON, Judge

{¶1} Defendant-Appellant David J. Rupp appeals the judgment of the Medina County Court of Common Pleas. For the reasons that follow, this Court affirms.

I.

**Relevant Background Information**

{¶2} On April 22, 2024, a criminal complaint was filed in the Medina Municipal Court against Mr. Rupp alleging he "did retain the property of another, (a credit card) not in his name which was found on the ground by him, which he took possession of and then used." On April 30, 2024, Mr. Rupp was indicted by the Medina County Grand Jury on one count of receiving stolen property, in violation of R.C. 2913.51(A) and (C), a felony of the fifth degree. The indictment alleged Mr. Rupp "did receive, retain, or dispose of a Chase Sapphire Preferred credit card, the property of [the victim], knowing or having reasonable cause to believe that the property had been obtained through commission of a theft offense[.]"

{¶3}    On July 11, 2024, Mr. Rupp pleaded guilty to the indictment.  At the plea hearing, Mr. Rupp stated he was not aware the credit card had been stolen, he found it while "voluntarily cleaning up the environment[,]" and he was holding on to the credit card to return it to the owner but was unsure how to do so.  Mr. Rupp also stated he understood a plea of guilty was a complete admission of his guilt to the charge as set forth in the indictment.  As part of the plea agreement, the State agreed to recommend probation.  Mr. Rupp stated he understood the trial court was not bound by any sentencing agreement and the offense to which he pleaded guilty carried a potential penalty of 6-12 months in prison.  The trial court accepted Mr. Rupp's guilty plea, found him guilty of receiving stolen property, and ordered a pre-sentence investigation ("PSI").  At the change-of-plea hearing, Mr. Rupp asked to be released from jail pending sentencing to go to a sober living house.  The written plea agreement indicated the State was in agreement that Mr. Rupp be released pending sentencing but also stated in the same paragraph, "I further understand that the Prosecutor's recommendation does not have to be followed by the [c]ourt." (Emphasis in original.) When the trial court informed Mr. Rupp he would not be released from jail until the PSI interview was conducted and information concerning his placement could be verified, Mr. Rupp stated it was his understanding he would be released upon his plea of guilty.  The trial court stated if that was the reason Mr. Rupp pleaded guilty, the trial court would allow Mr. Rupp to withdraw his guilty plea.  The trial court also gave Mr. Rupp a choice if he did not withdraw his guilty plea. The choice was 180 days in jail and no probation or to remain in jail, wait for the PSI, and then be sentenced on a later date.  The trial court stated, "[i]f you believe your [plea agreement] was breached and you don't think you were really guilty but only did it because you wanted to go to [the sober-living house --]".   Mr. Rupp responded, "[n]o.  I'd like to participate in [the sober-living] program and I'd like to be released from the Medina County Jail as soon as possible and,

yes, I admitted I'm guilty of the charge so it doesn't make any difference to me to withdraw the charge or not, except I was just trying to speed up the process of getting out of jail and getting in to [the sober-living house] as soon as possible." The trial court said, "I need to know what you want to do next, which does not include leaving the jail until after your PSI interview is completed." Mr. Rupp decided not to withdraw his guilty plea.

{¶4} Mr. Rupp refused to participate in the PSI. Nevertheless, the State still recommended probation at Mr. Rupp's sentencing hearing. Mr. Rupp asked for time served. The trial court had a discussion with Mr. Rupp about his refusal to participate in the PSI process, stating, "you don't want to be on supervision. You don't want other people running your life. You don't want to go to [the sober-living house] as a condition of supervision." Mr. Rupp replied, "I'm willing to go to [the sober-living house] but not on probation. I'm willing to go there on my own." The trial court stated, "[r]ight, because you want to run your life and you don't want other people running your life." Mr. Rupp responded, "[w]ell, correct." The trial court then sentenced Mr. Rupp to 11 months of incarceration with 130 days' credit for time served and two years of post-release control.

{¶5} Mr. Rupp appeals, raising two assignments of error for our review.

II.

**ASSIGNMENT OF ERROR I**

**THE TRIAL COURT COMMITTED A REVERSABLE ERROR WHEN IT ALLOWED MR. RUPP TO ENTER A GUILTY PLEA THAT WAS NOT KNOWINGLY AND VOLUNTARILY PROVIDED.**

{¶6} In his first assignment of error, Mr. Rupp argues his guilty plea was not knowing and voluntary and his guilty plea was actually an *Alford* plea. An *Alford* plea is a guilty plea made with protestations of innocence by the defendant but also with the defendant's understanding his

interests require a guilty plea. *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) ("An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.")

{¶7} "A criminal defendant's choice to enter a guilty plea is a serious decision." *State v. Blouir*, 2022-Ohio-1222, ¶ 12 (9th Dist.), quoting *State v. Bishop*, 2018-Ohio-5132, ¶ 10, citing *State v. Clark*, 2008-Ohio-3748, ¶ 25. "Due process requires that a defendant's plea be made knowingly, intelligently, and voluntarily; otherwise, the defendant's plea is invalid." *Id.*

{¶8} When accepting a guilty plea, the trial court must ensure the plea is knowing, intelligent and voluntary by substantially complying with the language of Crim.R. 11(C)(2)(a) and (b). *Bishop* at ¶ 11. Crim. R. 11(C) provides, in relevant part:

> (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally either in-person or by remote contemporaneous video in conformity with Crim.R. 43(A) and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

{¶9} Thus, Crim.R. 11 requires the court to address the defendant personally and determine the defendant is making the plea voluntarily, the defendant understands the effect of the guilty plea, and that the court may proceed with judgment and sentencing.

{¶10} "Substantial compliance [with Crim.R. 11(C)(2)(a) and (b)] means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Veney*, 2008-Ohio-5200, ¶ 15.

{¶11} Mr. Rupp is retroactively claiming his guilty plea was actually an *Alford* plea. He further argues the trial court was required to ascertain whether the plea was knowing, intelligent, and voluntary by inquiring into the factual basis of the charge of receiving stolen property before accepting the guilty plea. Mr. Rupp cites *State v. Sterling*, 2004-Ohio-526 (11th Dist.) in support of his argument. In *Sterling*, the Eleventh District Court of Appeals stated, "[a] protestation of innocence does not invalidate a guilty plea if the court complies with Crim.R. 11 and the state establishes a factual basis for the charge and plea." *Id.* at ¶ 26.

{¶12} Unlike here, in *Sterling* there was an explicit statement by defense counsel that the defendant's plea was an *Alford* plea. *Sterling* at ¶ 17. "Implicit in any *Alford* plea is the requirement that the defendant actually state his innocence on the record during the plea hearing." *Sterling* at ¶ 27. In the present case, neither Mr. Rupp nor his attorney stated Mr. Rupp's plea of guilty was an *Alford* plea nor did Mr. Rupp explicitly declare he was innocent of receiving stolen property. When the trial court gave Mr. Rupp an opportunity to explicitly say he was not guilty but only pleading guilty so he could go to [the sober-living house], Mr. Rupp said, "[n]o." Mr. Rupp further explained he wanted to be released from the jail as soon as possible and he wanted to "speed up the process of getting out of the jail and getting in to [the sober-living house] as soon as possible."

{¶13} Even if Mr. Rupp's denial that he knew the credit card was stolen is construed as a profession of innocence, and his guilty plea is construed as an *Alford* plea, the record contains a factual basis for the charge of receiving stolen property. Mr. Rupp was charged with receiving

stolen property in violation of R.C. 2913.51(A), which provides: "[n]o person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense."  At his plea hearing, Mr. Rupp disputed he knew the credit card was stolen and stated he found it and had intended on returning the card to the owner.  However, in its brief, the State points to the criminal complaint filed against Mr. Rupp in the Medina Municipal Court, which was part of the record before the trial court, as the factual basis for the charge, which was Mr. Rupp used the credit card *knowing it was not his*.

{¶14}  Further, after a lengthy discussion with the trial court and after being given several opportunities to withdraw his guilty plea, Mr. Rupp decided not to withdraw his guilty plea.  Mr. Rupp was aware of the effect of his guilty plea, specifically that it was an admission of guilt and he would not be released from jail that day as he had hoped, and he still decided to plead guilty. A review of the record shows Mr. Rupp's guilty plea was knowing, intelligent, and voluntary.

{¶15}  Accordingly, Mr. Rupp's first assignment of error is overruled.

### ASSIGNMENT OF ERROR II

**THE TRIAL COURT ERRED IN SENTENCING MR. RUPP BY CONSIDERING IMPROPER FACTORS THAT ARE NOT PERMITTED UNDER OHIO LAW, THEREBY VIOLATING STATUTORY SENTENCING GUIDELINES AND MR. RUPP'S RIGHTS TO DUE PROCESS.**

{¶16}  In his second assignment of error, Mr. Rupp argues the trial court improperly considered his noncooperation in the PSI interview process in imposing sentence.  R.C. 2953.08 allows a defendant to appeal his or her sentence on certain grounds and provides in part:

> (G)(2) . . . The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing.  The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it *clearly and convincingly* finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

(Emphasis added.)

**{¶17}** Mr. Rupp pleaded guilty to a felony of the fifth degree, which carries the possibility of between 6 and 12 months in prison. R.C. 2929.14(A)(5). Community control sanctions are required for a felony of the fifth degree that is not an offense of violence if certain criteria are met, one of which is the defendant has not previously been convicted or pleaded guilty to a felony. R.C. 2929.13(B)(1)(a)(i). The record in this case shows Mr. Rupp has a "prior history of felony convictions." Because the trial court was not required to impose community control sanctions, the trial court then had discretion to impose a prison term if any one of ten circumstances existed. R.C. 2929.13(B)(1)(b). If none of these circumstances apply, a trial court may nevertheless impose a term of imprisonment for a felony of the fifth degree if the trial court complies with the purposes and principles of sentencing under R.C. 2929.11 and with R.C. 2929.12. The purposes of felony sentencing are:

> [t]o protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

R.C. 2929.11(A).

**{¶18}** R.C. 2929.12 sets forth the "seriousness and recidivism" factors the trial court must consider in imposing sentence. In addition to the listed factors, the trial court is required to

consider "any other relevant factors" indicating the offender's conduct is more or less serious than conduct normally constituting the offense, or the offender is more or less likely to commit future crimes. R.C. 2929.12(B), (C), (D), and (E).

{¶19} The 11-month sentence imposed by the trial court is within the statutory range for the offense to which Mr. Rupp pleaded guilty. Because the sentence is within the statutory range, this Court presumes the trial court considered the sentencing factors set forth in R.C. 2929.11 and R.C. 2929.12 unless there is a showing the trial court failed to consider those factors. *State v. Clayton*, 2014-Ohio-112, ¶ 7 (8th Dist.) "[N]either R.C. 2929.11 nor R.C. 2929.12 requires a trial court to make any specific findings on the record." *State v. Jones*, 2020-Ohio-6729, ¶ 20, citing *State v. Wilson*, 2011-Ohio-2669, ¶ 31, and *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000).

{¶20} We have reviewed the record, and it does not clearly and convincingly show Mr. Rupp's sentence is contrary to law or the trial court failed to consider the sentencing factors and the purposes and principles of sentencing set forth in Ohio law.

{¶21} Accordingly, Mr. Rupp's second assignment of error is overruled.

III.

{¶22} For the forgoing reasons, Mr. Rupp's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETTY SUTTON
FOR THE COURT

FLAGG LANZINGER, P. J.
CARR, J.
CONCUR.

APPEARANCES:

YU MI KIM-REYNOLDS, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and STEFANIE H. ZARANEC, Assistant Prosecuting Attorney, for Appellee.